EDITH J. HAMPTON v. JAMES F. ALLEE.

No. 8104.

MINOR CHILDREN— *Support by Divorced Wife—Liability of Husband.* An action brought by a divorced wife against her former husband to recover compensation for the support of their minor children, which bases the right of recovery on the judgment rendered in the divorce case, cannot be maintained where the judgment imposes no liability on the husband for such support.

*Error from Atchison District Court.*

THE plaintiff in error, as plaintiff below, filed an amended petition, which reads as follows :

"That for a number of years prior to November 19, 1884, the plaintiff and defendant were husband and wife ; that on said date this plaintiff was divorced from said defendant, and the custody, control, and management of plaintiff and defendant's minor children, Hattie May Allee, then about eight years of age, and William F. Allee, then aged about 10 years, was given to this plaintiff by the judgment and decree of divorce rendered in the district court of Shawnee

county, Kansas, in an action therefor between plaintiff and defendant; that a copy of said decree of divorce is hereto attached, marked 'Exhibit A,' and made a part hereof; and plaintiff alleges that said defendant is indebted to her under and by reason of said decree in the sum of $2,100 for maintaining and supporting said minor children from said 19th of November, 1884, to November 19, 1891; that by the terms of said decree defendant was and is bound to support and maintain said minor children till they shall have reached their majority; that an itemized statement of said indebtedness, as near as plaintiff can make same, is hereto attached, marked 'Exhibit B,' and made a part hereof. Wherefore plaintiff asks judgment against said defendant for said sum of $2,-100 and interest and costs of suit."

The copy of the decree of divorce attached to the petition shows that the judgment was rendered on service by publication, and that the defendant did not appear. It awards the custody of the minor children to the plaintiff, and contains only this in regard to their maintenance: "That provision for the maintenance and support of said minor children shall be made by the court as from time to time may be deemed necessary." In exhibit "B" there are seven items, each of which is a charge of $300, for boarding, lodging, educating and clothing the two minor children for one year. A general demurrer to the petition was sustained. The plaintiff comes here. The opinion was filed February 8, 1896.

*B. F. Hudson*, and *P. Hayes*, for plaintiff in error.

*C. D. Walker*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The ruling of the court sustaining the demurrer to the plaintiff's amended petition was right.

The decree of divorce rendered by the district court of Shawnee county contains no provision imposing a liability on the defendant for the support of the minor children, and it has been held that no such liability exists independent of the decree. (*Harris v. Harris,* 5 Kan. 46.) The petition and exhibit "B" thereto attached make no claim for unpaid alimony, but recovery is sought for the support of the children only.

The judgment is affirmed.

All the Justices concurring.