BONDIES v. BONDIES.

No. 2985.     Opinion Filed November 25, 1913.

(136 Pac. 1089.)

**DIVORCE—Support of Child—Rights Between Divorced Parents.** Section
4367, Rev. Laws 1910: ''A parent entitled to the custody of a
child must give him education and support. * * *'' Section
4377, Id.: ''A parent is not bound to compensate the other parent
* * * for the voluntary support of his child without an agree-
ment for compensation.'' Where a mother is awarded custody of
a minor child in a divorce proceeding, and the decree is silent as
to the support of such child and the father has not agreed to do
so, and the mother maintains and supports the child for a number
of years and has made no effort to secure from the court granting
the decree an order requiring the father to support such child, such
support is voluntary, and she cannot recover from her former
husband any sums in that behalf laid out and expended, but the
father may be required to contribute to the support of such minor
child from and after the commencement of an action for that
purpose, and such action may be by motion or supplemental peti-
tion in the original proceeding, or by an independent suit.

(Syllabus by the Court.)

*Error from District Court, Bryan County;
A. H. Ferguson, Judge.*

Action by Helen Bondies against William Bondies. Judg-
ment for plaintiff,. and defendant brings error. Reversed and re-
manded, with directions.

*J. M. Crook,* for plaintiff in error.

*E. G. Senter* and *Utterback, Hayes & MacDonald,* for de-
fendant in error.

LOOFBOURROW, J.   On January 6, 1911, defendant in
error, Helen Bondies, commenced an action against William Bon-
dies in the district court of Bryan county by filing a petition, alleg-
ing, in substance, as follows:

"That Helen Bondies is a resident of Dallas county, Tex.,
and defendant, William Bondies, is a resident of Bryan county,
Okla. That they were married in November, 1900. That as a
result of said marriage the minor son, Walton Bondies, was born

January 11, 1902. That they were divorced by decree of the district court of the Forty-fourth judicial district of Texas in Dallas county on the 31st day of July, 1902. That in said decree the custody of said minor child, Walton Bondies, was awarded to the plaintiff. That since said time plaintiff has had the custody of said minor, and has borne the entire expense of his support and maintenance except a certain period that W. Porter, of Dallas, Tex., the father of the plaintiff, has furnished board and lodging to said child. That the defendant, William Bondies, has contributed, during said time, $180 to the maintenance of said child. That with the exception of said small contribution by the said defendant, he has persistently refused to recognize the legal and moral claim of his son upon him for his support and maintenance, though he has, at all times, been well able to maintain him in comfort and provide for all of his necessities, and although he has often been by the plaintiff herein requested and importuned to aid in the support and maintenance of said child. That the plaintiff herein has reared said child, and has given him care and attention and clothing, and such other means as his circumstances in life demanded, and has supplied his needs and necessities during the period above stated. That the reasonable value of said support and maintenance is $300 per year, or $3,125 for said entire period. * * * And though the plaintiff has often been requested to pay and to contribute to said cause of his said minor son, he has absolutely refused and still refuses so to do, except as heretofore stated. That plaintiff is not as able to provide for said child as the defendant herein. Plaintiff further shows that said defendant has never shown any interest for the welfare, comfort, care, or maintenance of his said son, but has been totally indifferent toward him. Plaintiff prays judgment against the defendant for the sum of $3,125 as compensation for the support and maintenance of said Walton Bondies, the said minor son of the parties, and to cover the expense and trouble incurred by her on said account. Plaintiff further asks that the court make an order requiring and commanding the defendant to pay over to the plaintiff on the first day of each month the sum of $40 until the said Walton Bondies shall become of age, said $40 per month to be for the use and benefit of said minor and to assist the said plaintiff in caring for and supporting and maintaining the said Walton Bondies during his minority. * * *"

To this petition plaintiff in error filed a demurrer, which the court overruled. Thereafter plaintiff in error filed an answer,

in substance: First. A general denial, saving specific admissions. Second. The statute of limitations of Texas. Third. That he agreed to and did pay to the defendant in error in 1902 the sum of $3,000 for the maintenance of said child, and that said funds have not been properly conserved; that defendant in error is now unable to raise, maintain, and educate said child; that plaintiff in error is ready, willing and able to properly care for, maintain, and educate his son; that he has reached an age that requires the care and admonition of a father, etc.; and that the custody of the child be awarded to him. Further answering, defendant specially pleads the statute of limitations of Oklahoma. The defendant in error replied with a general denial, and further stated that at the time the decree of divorce was rendered awarding the custody of the child to the plaintiff, Helen Bondies, both of said parties were residents and citizens of the state of Texas and appeared in person and by attorneys in said cause; that Helen Bondies is entitled to retain the custody of said minor child until said judgment shall be modified or changed by the court which rendered it; that she has been ever since and is now a citizen of Dallas county, Tex. It is conceded that the decree of divorce was silent as to support and maintenance of the child. The defendant in error was called as a witness in her own behalf and her testimony constitutes all of the evidence in the case. A verdict was returned, and judgment entered in favor of the defendant in error for the sum of $608, and from such judgment plaintiff in error appeals, and assigns as error:

"First. The court erred in overruling the demurrer of the defendant that said petition does not state facts sufficient to constitute a cause of action. Second and third. The court erred in overruling the motion for new trial herein because the verdict therein was and is contrary to law, and in admitting, over the objection of the defendant, evidence prejudicial to the defendant, and which was incompetent, irrelevant, and immaterial. Fourth. Error in the second paragraph of the court's charge to the jury, which is as follows: 'No. 2. It is the duty of the father of a minor child to give his child such support and education as is suitable to his circumstances and station in life, unless the father is unable to do so, then in that event the mother must assist him to the extent of her ability. In the case at bar, if you should

find from a preponderance of the evidence that plaintiff, Helen Bondies, has expended money in buying clothing, medicines, and paying doctor bills, and for washing, for tuition, and school books, and has devoted her own time to the care and training of the minor child of plaintiff and defendant to the extent that she has been unable to earn as much as she otherwise would have done, and you find that these matters were necessary for the proper care, attention, and maintenance of said child, then you will find in favor of the plaintiff in such amount or amounts as you believe from the testimony said expenditures and services were reasonably worth. It is the duty of the mother, where she has the care and custody of her child, to render it the usual and ordinary attention that a mother owes her child, and she would not be entitled to recover for the mere care and attention that every mother owes her child other than such amount or amounts as you may find, if any, that she has been pecuniarily deprived of by reason of her inability to earn the wages that she would have otherwise earned had she not the care and charge of said child. If you should find for the plaintiff, you will fix her recovery at such an amount or amounts as you believe from the evidence that she is reasonably entitled to recover for the moneys expended by her and the services rendered as herein set forth, not exceeding the sum of $300 per year, for and during the time since January 6, 1908, up until the present time.'"

Sections 4367, 4376, 4377, and 4968, Rev. Laws 1910, respectively, provide as follows:

"The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability."

"If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries and recover the reasonable value thereof from the parent."

"A parent is not bound to compensate the other parent or a relative for the voluntary support of his child without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parent without just cause."

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order

in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

When a decree of divorce is granted, awarding custody of the child to the mother, without any provision in the decree for the maintenance of the child, and in the absence of an express contract, a great many authorities hold that the mother can maintain an action against the father for money voluntarily paid by her for the child's support, and a great many authorities are to the contrary, but our statutes control in this case.

Sections 4367, 4376, and 4377, Rev. Laws 1910, came from California via Dakota, and have been construed by this court in the case of *Bondies v. Porter, ante,* 136 Pac. 417, involving support of the same minor child, W. Porter being the grandfather of said child, opinion by Justice Turner, in which it is held:

"Where a divorce decree gave the custody of an infant child to the mother, her father, who voluntarily furnished necessaries for the child while in her custody, in the absence of an agreement, cannot recover compensation therefor from the father of the child."

Nor can a different rule apply merely because the defendant in error was formerly the wife of the plaintiff in error. When the decree was granted the husband and wife thereupon became single persons, and the relations and obligations to each other were the same as strangers, and the divorced wife, although having the custody of the child, stood in no more favorable position to recover in an action against the father for the past support of the child than a stranger.

In *Kendall v. Kendall,* 5 Kan. App. 688, 48 Pac. 940, section 605, Code of Kansas, being the same as section 4968, *supra,* the custody of children was awarded to the mother, the decree being silent as to their support. Later in the same case the mother filed a motion for the modification of the decree, and the district court thereupon made the following order:

"That said defendant, George Kendall, pay to the said plaintiff, Lizzie Kendall, in trust and for the support of said minor children, the sum of $15 per month for each of said minors until each of them reaches 21 years of age, and that said payments date from the date of the decree," etc.

—the payments due amounting to $500 at the date of the modified decree. Upon appeal the court held that the trial court could require defendant to provide future support for the children, but payments must date from modified decree, and that the order for payment for past support was error. See, also, *Harris v. Harris,* 5 Kan. 46; *Hampton v. Allee,* 56 Kan. 461, 43 Pac. 779; *Chandler v. Dye,* 37 Kan. 765, 15 Pac. 925.

The statutes of New York contain provisions similar to our own, and in *Washburn v. Catlin,* 97 N. Y. 623, the trial court made an order requiring defendant to pay the expenses incurred during previous nine years, but on appeal the same was modified, restricting such payment to the expenses incurred subsequent to filing petition. See, also, *Erkenbrach v. Erkenbrach,* 96 N. Y. 456; *McKay v. McKay,* 125 Cal. 65, 57 Pac. 679; *McKay v. Superior Court, etc.,* 120 Cal. 143, 52 Pac. 147, 40 L. R. A. 585.

The provisions of section 4968, *supra,* are in their nature prospective, and the court is limited to the "custody, support and education" which the children are subsequently to receive under the court's direction, and until the court has made some order requiring the father to support and maintain the child, there can be no liability on his part, for sections 4367 and 4376, *supra,* limit the duty of support to "the parent entitled to the custody or to the parent who has the child under his charge." And section 4377, *supra,* expressly provides that "a parent is not bound to compensate the other parent for the voluntary support of his child without an agreement for compensation." The court has power to make such orders for the future maintenance of minor children under petition, or by motion in the action after final decree has been entered, and the rule is practically uniform where the similarity exists in the statutes.

In *Holt v. Holt,* 23 Okla. at page 648, 102 Pac. at page 187, Mr. Justice Dunn, after quoting the Oklahoma statute, said:

"Under this statute we entertain no doubt that any change or modification, or any order in reference to the child, should be made on motion in the original action."

At any time after the divorce was obtained, the mother could have applied to the court that granted the decree for an order requiring the father to contribute to the support of the child, and that court had full power and authority to make any order that the safety and well-being of the child might require. Section 2871, Rev. Statutes of Texas 1895, is very similar to section 4967, Rev. Laws 1910. Having failed to avail herself of this remedy, her support of the child must be deemed to have been voluntary up to the time of the commencement of this action.

The question now arises as to whether or not a separate action may be maintained against the father for the present and future support of his minor child, or is it imperative that the mother proceed in the original action wherein the decree was granted? It is unquestionably the duty of the father to provide reasonably for the maintenance of his minor child when the mother is unable to do so, and we do not understand that this liability is in any way affected by the fact that the custody of said child may have been taken away from him by the decree of a court of competent jurisdiction. This primary obligation arises from his natural headship of the family, and upon his being, by nature, and the present constitution of society, responsible for the welfare and protection of his own offspring. Children cannot be deprived of their rights on account of the dissensions of their parents, to which they are not parties. As was said by Chancellor Kent:

"Wants and weaknesses of children render it necessary that some person maintain them, and the voice of nature has pointed out the parent as the most fit and proper person."

Under the Oklahoma and similar statutes, courts are given great latitude with reference to orders concerning the children of divorced parents, and the principal object to be attained is that which will protect and secure the welfare and best interests of the children. Hence the clause in section 4968, *supra,* that "whenever circumstances render such change proper either before or after final judgment in the action, * * * the court may modify or change any order in this respect." It appears from the reply in this case that the Texas court had jurisdiction

of the subject-matter and of the persons of the parties to the action when the decree was granted, but it also appears that the husband is now a resident of the state of Oklahoma. We do not know whether he has property in the state of Texas which would be available for the enforcement of any order that that court might now make with reference to the support of the child, and assume that he has not. That court might, upon application, make an order for the support of the child, which would be binding upon the plaintiff in error, but the defendant in error might then have to bring an action upon such judgment in this state to enforce the same; since this court now has jurisdiction of the parties, no good reason can be suggested why this action should not be maintained, and the primary and humane result secured, to wit, the support and education of this child, suitable to his circumstances.

In *McKay v. McKay, supra,* the court said:

"So far as the right of the wife to recover for past expenses incurred by her is involved, the principle is the same, whether the application is made in an independent action, or through a motion in the original case."

The principle is the same with reference to present and future support of the child. This question is referred to in the case of *Spencer v. Spencer,* 97 Minn. 56, 105 N. W. 483, 2 L. R. A. (N. S.) 851, 114 Am. St. Rep. 695, 7 Ann. Cas. 901, and notes.

In *Pretzinger v. Pretzinger,* 45 Ohio St. 452, 15 N. E. 471, 4 Am. St. Rep. 543, the decree made no order for the child's maintenance, and subsequently the mother commenced an action in another tribunal in another county of the same state. The court recognized the general doctrine that the plaintiff could have made application in the same cause and secured a modification of the decree, but held that an original action could be maintained for the same purpose, citing *Olney v. Watts,* 43 Ohio St. 499, 3 N. E. 354, and further stating:

"The natural obligation resting upon him in the forum of the divorce would not become lifeless because its enforcement was not sought in the jurisdiction in which the divorce was granted."

In *Graham v. Graham*, 38 Colo. 453, 88 Pac. 852, 8 L. R. A. (N. S.) 1270, 12 Ann. Cas. 137, the parties, in 1897, in Arapahoe county, Colo., were divorced and decree awarded the custody of the three minor children to the wife, and further ordered payment of $50 per month for the support of the minor children, limiting the amount to $2,000. The father paid the mother $50 per month up to and including December, 1900, in the aggregate sum of $2,000. In June, 1903, the mother commenced an action against the father in Denver county, Colo., to recover money expended for the support and education of two of said minor children from the 1st day of January, 1901, and for the support and education of one of said minor children until he became of age, and for the allowance for further care and support of said minors. Judgment was entered for the plaintiff from the date of the commencement of the action, and for the future and further support of the minor children, the court in the opinion stating that the judgment in the divorce case did not determine the extent of the liability of the father; that the children were not parties to the action, and their rights were not concluded thereby; further holding that it was within the authority of the court granting the decree to modify the same as the changed circumstances of the parties might require; the effect of the decision being that a father may be compelled to support his minor children either by a motion to modify the decree in the original action, or in an independent action.

In his answer the defendant alleges that he paid the plaintiff the sum of $3,000 for the maintenance of said child, etc., and that he is ready and willing and able to properly care for, maintain, and educate his son, and asks that the custody of the child be awarded to him. There is no evidence tending to support the allegation as to the payment of the $3,000 for the maintenance of the child, and if there had been, and the mother had failed to properly conserve the same, those facts would not alter the fact that the child at this time needs support and maintenance, nor relieve the parent from the legal responsibility of such support. The mother testified that the boy's father had never

seen him until this case was tried, and on cross-examination admitted that the father had suggested that he be permitted to take the child and support him, and that that would necessitate the removal of the child from the state of Texas to Oklahoma. This was not an offer or a request to do so, but a mere suggestion, and such suggestion, together with the allegation in the answer, were evidently not made in good faith, but for the purpose of filling the heart of the mother with consternation, and of causing her to abandon this or any other action against him for the maintenance and support of the child. The general demurrer was properly overruled by the court because of the allegations in the petition which ask for an order requiring the plaintiff in error to pay the sum of $40 per month for the support of said child.

The giving of the instruction No. 2 of the court was error, for the reason that it told the jury that the mother could recover from the father for money voluntarily paid in supporting and maintaining the child.

The judgment of the trial court is reversed, and the cause remanded for a new trial, with directions to proceed in accordance with this opinion.

HAYES, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., absent and not sitting.