No. 19,391.

ICA MINNIE LYNN, *Appellee*, v. WILLIAM T. LYNN, *Appellant*.

### SYLLABUS BY THE COURT.

1. DIVORCE—*Trial—Divorce Refused—Second Action Begun—Grounds Arising Subsequent to First Trial Not Res Judicata.* In an action for divorce brought by the husband in the district court of Montgomery county in February, 1910, the wife filed a cross-petition asking that the divorce be granted to her on the ground of his extreme cruelty and gross neglect of duty. There was a hearing in November, 1911, when the court took the case under advisement, but recommended that the parties try living together again as husband and wife. In April, 1912, the wife made an application for a further hearing, alleging that the defendant continued to treat her with extreme cruelty. There was a hearing upon this application in October, 1912, and at the same term in November, 1912, a final judgment was rendered refusing a divorce to either party, but awarding the custody of the children to the wife and providing for a division of the property. On the 14th day of March, 1913, the wife, having removed to Chautauqua county, brought an action for divorce in the district court there, and alleged extreme cruelty and gross neglect of duty; the defendant filed a plea of *res judicata*, alleging that the matters had been adjudicated in the former action. *Held*, that a judgment in the wife's favor based upon evidence of acts occurring subsequent to the filing of the pleadings in the former action will be sustained.

2. SAME—*Competent Evidence on Second Trial.* In determining whether a divorce should or should not be granted in such a case the court may properly take into consideration facts showing the failure of the parties to live happily together prior to and during the pendency of the former action.

3. SAME — *Custody of Children — No Conflict of Jurisdiction.* Since the district court of Chautauqua county made the same order with respect to the custody of the children as was made by the district court of Montgomery county, there is no room for conflict of jurisdiction between the two courts.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed April 10, 1915. Affirmed.

*Hal R. Clark,* of Independence, for the appellant.

*J. E. Brooks,* and *C. O. Buckles,* both of Sedan, for the appellee.

The opinion of the court was delivered by:

PORTER, J.: In this action the plaintiff was awarded a decree for absolute divorce and was given the custody of two minor children. The defendant appeals.

The petition was filed in the district court of Chautauqua county on the 14th day of March, 1913, and alleged extreme cruelty and also gross neglect of duty in the failure of defendant to support the plaintiff and the children of the marriage. The answer contained four separate divisions or counts. The first three amounted to no more than a general denial. The fourth pleaded that the issues raised by the petition were *res judicata.* The facts relied upon in this plea are substantially these:

In February, 1910, at which time the parties both resided in Montgomery county, the husband brought an action in the district court there for divorce, and the wife filed a cross-petition asking that the divorce be granted to her, and alleging the same general grounds as in the present action. It appears that there were two hearings of the case by the court in Montgomery county, the first in November, 1911, at which time the court having heard the evidence took the case under advisement, but suggested to the parties that in the meantime they try living together again as husband and wife. In April, 1912, Mrs. Lynn made a written application to the district court of Montgomery county for a further hearing, and alleged that she had endeavored to the best of her ability to live at her home and be a faithful and obedient wife, but that the husband had continued to treat her with extreme cruelty, and specified a number of particular instances of cruelty upon his part. There was a hearing upon the application in October, 1912, at which the

court permitted the parties to introduce evidence cover-
ing their relations up to that time.  At the same term,
and in November, 1912, a final judgment was rendered
refusing a divorce to either party, but awarding the
custody of the children to the wife and providing for
a division of the property.

In the present case the district court of Chautauqua
county first tried out the question of *res judicata*, and
upon the evidence found in part upon that question in
favor of the defendant, and in part in favor of the
plaintiff, and held that all allegations in plaintiff's peti-
tion of wrongful acts which occurred prior to the filing
of the petition, answer and reply in the husband's case
brought in the district court of Montgomery county
constitute no grounds for recovery in the present suit,
but that all allegations of wrongful acts occurring since
that time are matters over which the court acquired
jurisdiction, and thereupon continued the cause until
the next regular term for trial upon such issues.  At
the September, 1913, term, the case was tried and the
court found that the defendant was guilty of acts of
extreme cruelty and gross neglect of duty and failure
to support the plaintiff subsequent to the filing of the
last pleading in the case in Montgomery county, and
adjudged that the plaintiff is entitled to a decree of
divorce, and gave her the control and custody of the
two minor children.  The court also made a division
of the property between the parties.

There is, as we view the record, but one question
really involved in the appeal, and that is whether the
court was right in its ruling respecting the matters
which had been adjudicated in the former action.  The
defendant proved by the testimony of the judge of the
district court of Montgomery county that in the appli-
cation for a rehearing he placed no limit upon the
evidence and permitted both parties to relate all they
knew or claimed to know respecting their relations and

the conduct of each toward the other up to the time of the hearing.

We fail to discover any ground for objection to the course pursued by the trial court. The district judge of Montgomery county, upon a consideration of all that the evidence disclosed at the time he tried the cause, believed it to be the best for both parties to deny them a divorce, but that decision would not constitute a bar to another action by either party based upon facts occurring subsequent to that hearing. Moreover, the trial court in the present action in determining whether a divorce should or should not be granted, might well, we think take into consideration some of the facts showing the failure of the parties to live happily together before that time; the failure of the defendant subsequent to the hearing in November, 1912, to provide for the support of the family, and his continued acts of cruelty toward the wife, any one of which might in the opinion of the trial court be properly considered as the "last straw."

It is urged by the defendant that the district court of Montgomery county having first acquired jurisdiction of the parties, and having made an order respecting the custody of the children, under the provisions of section 668 of the code, which authorizes the court when it refuses to grant a divorce to make such order for the custody, maintenance and education of the children as may be proper, there must necessarily follow a conflict in the jurisdiction of the two courts. 'We think counsel is mistaken in this view. It will be observed that the trial court in the present case made the same order with respect to the custody of the children that was made by the district court of Montgomery county, giving the control and custody of the children to the mother. Section 672 of the code provides that when a divorce is granted the court shall make provision for the children, and may modify or

Lynn v. Lynn.

change any order in this respect whenever circumstances render such change proper. There is, therefore, no reason to apprehend in the future any clash of jurisdiction between the two courts.

It is said that the trial court received evidence that was incompetent and irrelevant, but this objection is untenable because the trial was to the court, and it will be presumed that any evidence that was not competent and relevant was not considered by the court. It is strongly urged that the story told upon the witness stand by the defendant is more reasonable and credible than that told by the plaintiff and therefore we should reverse the judgment. This we can not do. There was no abuse of discretion in refusing to continue the cause during the progress of the trial to enable the defendant to take the deposition of an absent witness. The court might very properly have concluded that there was no sufficient showing of diligence. Anyway, there was more evidence received than the issues in the case warranted.

Aside from the question of *res judicata*, perhaps as important as any of the points raised by the defendant is the contention that the petition failed to state a cause of action because it alleged that at the time of the filing of the suit plaintiff was a *bona fide* resident in good faith of Chautauqua county. There was no demurrer or motion leveled against the petition, but it is insisted that the statement referred to is a conclusion of law. On the contrary, we think it is a fact which it was necessary for the plaintiff to prove under the requirements of the code. (§ 664.)

We find no error in the record and the judgment is affirmed.