## JONES v. JONES et al.

No. 26932.  June 2, 1936.

Ladner, Logsdon & Livingston, for plaintiff in error.

John M. Goldesberry and Gerald B. Klein, for defendants in error.

PER CURIAM. On the 13th day of March, 1930, on the application of Jessie Jones, the district court of Pushmataha county granted the custody of the children of Jessie Jones and E. H. Jones to Mr. and Mrs. Frank Jones, the parents of the defendant, E. H. Jones. Plaintiff and defendant were both denied a divorce.

On the 16th day of October, 1930, Jessie Jones filed her action for divorce in Tulsa county, Okla. No service of a summons was made upon the defendant, E. H. Jones, and he was notified under the statute providing for notice by publication. The district court of Tulsa county entered a decree of divorce in favor of the plaintiff January 3, 1931. On the 5th day of June, 1933, E. H. Jones filed an application to vacate the judgment, and on October 11, 1933, the district court modified the decree of the district court of Tulsa county to conform to the decree of the district court of Pushmataha county.

Thereafter the plaintiff, Jessie Jones, appeared and sought to change and modify the judgment of the Tulsa county district court. It is not denied that she did not have actual notice of the order as modified by the court on the 11th day of October, 1933. She sought by proper process to serve the defendants, E. H. Jones and Frank Jones, the father of E. H. Jones. Motions to quash the service were finally filed by both the defendants, E. H. Jones and Frank Jones, and it is from the order of the trial court sustaining the motion of Frank Jones to quash and denying the application of Jessie Jones to modify the decree as finally entered under date of October 11, 1933, that this appeal is taken.

As we view it, the question of the jurisdiction of the persons of Frank Jones and Mrs. Frank Jones, the parents of the defendant E. H. Jones is unimportant. The sole question to determine is whether the district court of Pushmataha county has such a jurisdiction of the subject-matter of the action that a divorce proceeding cannot thereafter be filed in Tulsa county which would give that court jurisdiction over the custody of the children.

In this connection it will be necessary to state that, as aforesaid, defendant appeared in the district court of Tulsa county seeking to modify a decree of divorce. Without determining the effect of his appearance therein, had he sought to appear specially, an objection to the jurisdiction of the court having been properly made for that purpose, we are of the opinion that from and after the 11th day of October, 1933, the defendant never had any right to object to the jurisdiction of the court over his person, for the reason that he sought and obtained the relief of the district court by a modification of its judgment granting custody to the plaintiff to conform with the order of Pushmataha county district court, which had granted custody of the children to the parents of the defendant. We therefore deem it unnecessary to go into the question of jurisdiction on a motion to quash the service of summons filed in a proceeding prior to the final order entered in this case.

The trial court held that the district court of Pushmataha county had the sole and exclusive jurisdiction to determine the right of custody of the children, and that the district court of Tulsa county had only the right to grant the divorce. In this connection it is well to remember that the defendant E. H. Jones, when he obtained the order modifying the judgment of the district court of Tulsa county as to the custody of the children, admitted the validity of the divorce decree. No other construction of the operation and effect of the modification is possible.

Therefore the jurisdiction of the person necessarily involved in the proceedings for the determination of the question as to the right of jurisdiction of the Tulsa county court may be admitted. If the defendant ever had the right to claim a lack of jurisdiction of his person or the subject-matter for the purpose of granting the divorce, he has waived that right by entering his appearance in the Tulsa county district court and seeking the aid of that court. We make this statement because in Sango v. Sango, 121 Okla. 283, 249 P. 925, this court stated that a court having jurisdiction of the parties to a divorce proceeding may make a proper order regarding the matters denominated by the statutes at any time. And the statement as to the appearance of the defendant E. H. Jones in the district court of Tulsa county is made for the purpose of showing that the court had jurisdiction of the parties as described in Sango v. Sango, supra.

It results, therefore, that if the Tulsa county district court, having before it the parties as aforesaid, Jessie Jones and E. H. Jones, had the right to grant a divorce and give a complete remedy to either party as denominated by section 671, O. S. 1931, and

that court thereafter has the right to change and modify any order made as to the custody of the children, the division of the property or any other order, then that court has exclusive jurisdiction to make such an order, or there is a conflict in jurisdiction with the Tulsa county district court and the district court of Pushmataha county. There are two pertinent statutes to be considered. The first is section 669, O. S. 1931, as follows:

"When the parties appear to be in equal wrong the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

The second is section 671, O. S. 1931:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

We do not find that our court has ever construed these statutes with relation to a conflict in jurisdiction. In Sango v. Sango, supra, this court was considering the continuing jurisdiction after divorce had been granted. The court said:

"Under the provisions of section 507, Compiled Oklahoma Statutes 1921, the court retains the right at any time, upon its own motion or the suggestion of any one interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and education of their minor children, and such orders may be from time to time changed." Miles v. Miles, 65 Kan. 676, 70 P. 631.

"Section 507, supra, is as follows:

"'When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action'."

In Bondies v. Bondies, 40 Okla. 164, 136 P. 1089, this court was considering the right of a wife to enforce the order of a decree obtained in Texas. Two contentions were made on appeal from the trial court. The first was that the husband should be held liable for money advanced by the relatives of the wife for the maintenance of the children. The second was that the Oklahoma court had the right to enforce a provision as to the custody and maintenance of the children regardless of the declaration in the original decree. In that case our court cited with approval Pretzinger v. Pretzinger, 45 Ohio St. 452, and it is the contention of the appellant herein that this court has by such approval lent its approval to the proposition that the Tulsa county district court had exclusive jurisdiction from and after the granting of the decree. In Bondies v. Bondies, supra, this court said:

"In Pretzinger v. Pretzinger, 45 Ohio St. 452, 15 N. E. 471, 4 Am. St. Rep. 543, the decree made no order for the child's maintenance, and subsequently the mother commenced an action in another tribunal in another county of the same state. The court recognized the general doctrine that the plaintiff could have made application in the same cause and secured a modification of the decree, but held that an original action could be maintained for the same purpose, citing Olney v. Watts, 43 Ohio St. 499, 3 N. E. 354, and further stating: 'The natural obligation resting upon him in the forum of the divorce would not become lifeless because its enforcement was not sought in the jurisdiction in which the divorce was granted'."

It will be noted that the quotation from Bondies v. Bondies, supra, cites a case which held that the wife had a right to enforce the provisions of a decree in another court of the same state. And it was cited in Bondies v. Bondies to support the proposition that this state would force the husband to support and maintain the children where the mother was awarded custody of the minor children in a divorce proceeding in another state. The question of a conflict of jurisdiction was not involved either in Pretzinger v. Pretzinger or Bondies v. Bondies, supra.

We should like to call the attention of the parties herein to the following authorities: Privett v. Privett, 93 Okla. 171, 220 P. 348; McAdoo v. McAdoo, 137 Okla. 12, 277 P. 943; Barker v. Barker, 105 Okla. 240, 232 P. 371; Gaunt v. Gaunt, 160 Okla. 195, 16 P. (2d) 579; and Tinker v. Tinker, 144 Okla. 94, 290 P. 187.

An examination of these authorities will disclose that this court has declared the

right of our courts generally to supervise the custody of minor children both before and after the granting of a divorce. It will further disclose that no conflict in the jurisdiction of court arises unless perhaps the changing or modifying a decree of a sister state. See Bondies v. Bondies, supra.

The only case in point upon the statute involved is Lynn v. Lynn (Kan.) 147 P. 1117. The court refused to grant a divorce to either party in a decree entered by the district court of Montgomery county in November of 1912 and awarded the custody of the children to the wife and provided for a division of the property. On the 14th day of March, 1913, the wife, having moved to Chautauqua county, brought an action for divorce. The divorce was granted, and the Supreme Court of Kansas sustained the divorce for the wife on the evidence of acts occurring "subsequent to the filing of the pleadings in the former action." In that case the husband appeared in the second action and entered his plea of res adjudicata. The court, in passing upon the questions involved, said:

"It is urged by the defendant that, the district court of Montgomery county having first acquired jurisdiction of the parties, and having made an order respecting the custody of the children, under the provisions of section 668 of the Code (Gen. St. 1909, sec. 6263), which authorizes the court, when it refuses to grant a divorce, to make such order for custody, maintenance, and education of the children as may be proper, there must necessarily follow a conflict in the jurisdiction of the two courts. We think counsel is mistaken in this view. It will be observed that the trial court in the present case made the same order with respect to the custody of the children that was made by the district court of Montgomery county, giving the control and custody of the children to the mother. Section 672 of the Code (Gen. St. 1909, sec. 6267) provides that when a divorce is granted the court shall make provision for the children, and may modify or change any order in this respect whenever circumstances render such change proper. There is therefore no reason to apprehend in the future any clash of jurisdiction between the two courts."

It will be noted that it is not clear from the language above just what is meant. It can be construed to mean that the Chautauqua county court has not interfered with the Montgomery county court and that the court sees no reason to conflict with any order made by the former district court of Montgomery county in the future. Or it can be construed as saying that there is no conflict yet, and since from here on out the latter court of Chautauqua county has exclusive jurisdiction after the granting of the divorce, there can therefore be no conflict.

Upon the plain terms of the statute we believe the latter construction is proper. The language used in section 671, supra, authorizes the court to modify or change any order that has formerly been entered. We believe that a proper and liberal construction of the words "any order" is that when a divorce is granted there has been such a final determination of the matter as to vest the jurisdiction in the court granting the divorce to modify or change any order in respect to the circumstances denominated in the statute that has been made by any court prior to the granting of the divorce. Divided authority exercised by different courts of concurrent jurisdiction leads to confusion and delay. We are of the opinion that the Legislature had this in mind when it used the language set out in section 671, supra, and therefore hold that where the court has jurisdiction of the parties and finally enters a decree of divorce, then that court has the exclusive jurisdiction when a divorce has been granted to make provisions for the guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper.

The cause is therefore reversed and remanded, with directions to the trial court to proceed in accordance with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.