## HART v. HART.
No. 22363.   Sept. 8, 1936.

Mauntel & Spellman and E. W. Snoddy, for plaintiff in error.

J. J. Glaser and R. M. Chase, for defendant in error.

McNEILL, C. J.   The question in this case relates to the support and maintenance of a minor child.

On April 8, 1921, plaintiff and defendant were married.

On May 6, 1929, the parties, in contemplation of a divorce being granted, entered into an agreement and property settlement. On May 13, 1929, the district court of Woods county granted plaintiff in error a decree of divorce and confirmed said agreement. Subsequently, on August 18, 1929, a child of said marriage was born.   His name is Richard D. Hart.   The mother has had his custody.

This action is an independent action whereby the mother seeks to require the father to provide for the care and maintenance of said child.   The trial court fixed the amount at $40 a month.   Both parties have appealed.

Plaintiff in error, Maude Hart, contends that no provision was made in the property settlement for the care and support of the child.   On the other hand, the defendant in error seeks to show that it was the clear intention of the parties that the sum of $3,000 referred to in the property settlement was for the care and support of the child thereafter to be born to the parties, and that such sum was expressly intended for the benefit of said child and not as alimony.

We find that the contention of the defendant in error cannot be sustained.   The contract makes no provision for the support of the unborn child.   It was designated as an agreement and property settlement.   It specifically states that the agreement was for the purpose of arranging all of their property rights, and "that it shall be construed by the court and be considered as a full and final property settlement between the party of the first part and the party of the second part."

Maintenance of a minor child is an enforceable parental duty which cannot be shifted as a burden upon the shoulders of others.   Schouler on Domestic Relations (6th Ed.) vol. 1, sec. 801.   And even though a contract and agreement between the parties had been entered into for the maintenance and support of a child, this would not relieve the father of the legal responsibility to support such child in case the mother had failed and neglected to preserve the funds which had been provided by the father for such purposes.   Bondies v. Bondies, 40 Okla. 164, 136 P. 1089.

The order of the trial court in fixing the amount of support money in the sum of $40 per month, by its very nature, is temporary. We find no abuse of discretion under the facts as then existing.

Judgment affirmed.

RILEY, WELCH, CORN, and GIBSON, JJ., concur.