No. 25,568.

LILLIE MAE ARTHURS, *Appellee,* v. HENRY J. RADLOFF, *Appellant.*

### SYLLABUS BY THE COURT.

ACTION AGAINST FATHER FOR SUPPORT OF HIS CHILDREN. A wife was granted a divorce and the custody of the children. No provision was made in the decree for alimony nor for the support of the children. Later she sued her former husband for money she had paid out for the support of the children. *Held,* that the husband should be given credit for payments made since the separation to the wife for the support of the children.

Appeal from Smith district court; WILLIAM R. MITCHELL, judge. Opinion filed January 10, 1925. Modified and affirmed.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellant.

*A. W. Relihan, T. D. Relihan,* and *J. T. Reed,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit by a woman against her former husband for the recovery of money she had paid out for the support of their children. It was tried to the court, who made findings of fact and conclusions of law and rendered judgment for plaintiff for $1,800. The defendant has appealed.

Arthurs v. Radloff.

Plaintiff and defendant were married in August, 1904. Four children were born to them. They separated at Flagler, Colo., in August, 1917, the defendant going to work for a bridge company, which work took him into several states, and the plaintiff took the children and went to the home of her parents in Smith county, Kansas. In 1919 she sued for divorce in that county, procured service of process by publication, and obtained a decree granting her a divorce and the custody of the children. The decree made no provision for alimony for plaintiff nor for the support of the children. Plaintiff was married to a second husband in June, 1920, with whom she was living at the time this suit was brought. Defendant was married to a second wife in 1921, in Smith county, where he was living on a rented farm when this suit was brought. He was in debt about $3,000 for money borrowed to purchase live-stock and farm implements to conduct the farming operations, all of which property was mortgaged to secure the indebtedness, though the value of such property was not shown. Since the separation in 1917 the children have been with plaintiff, except that for about a year prior to the bringing of this suit the eldest son has been with defendant.

At the time of the separation in 1917 the only property owned by the parties was a business property at Flagler, Colo., which was rented for $55 per month. The title to this property was in defendant. He arranged for the rent to be paid to plaintiff, out of which she was to pay certain bills, and the balance to be used for the support of plaintiff and the children. Later defendant deeded this property to plaintiff, and she sold it, and after paying a mortgage on the property and interest and taxes, used the balance for the support of the children. Defendant sent plaintiff some money from his wages, and about the time of his marriage some arrangement was made by which he was to pay plaintiff $25 a month, which payments were made for some months, for the support of the children.

Appellant criticizes the court's findings as to the amount plaintiff has paid for the support of the children and as to the net amount she received out of the Flagler property. The evidence concerning those matters is not as satisfactory as it should have been, and perhaps the trial court's findings as a whole are as accurate as any we could reach from the evidence. The order of the

court overruling defendant's motion to set aside certain findings as not supported by the evidence is not assigned as error, hence we shall regard the finding as proper under the evidence. The court found that plaintiff had expended $2,600 for the support of the children since the separation of the parties. He also found that she received from the sale of the Flagler property $1,000 after paying the mortgage, interest and taxes, and received $900 from rents of that property, after the payment of bills, and that defendant had paid to plaintiff from time to time sums aggregating $487.50. This makes total payments by defendant to plaintiff of $2,387.50. Appellant's real complaint in this court is that the findings of the court do not support a judgment against him of $1,800, and contends that the only judgment which could be rendered against him under the findings is for the difference between the $2,600 which had been expended by plaintiff and the $2,387.50 which had been paid plaintiff by defendant. This point is well taken; the judgment under the findings made should have been for $212.50. In suits of this character there should be a definite showing of the sums paid out by plaintiff and the reasonable necessity therefor (*Cheever v. Kelly*, 96 Kan. 269, syl. ¶ 3, 150 Pac. 529), and the defendant should be given credit for payments or advances he has made.

Appellee argues that the rents and proceeds of the sale of the Colorado property should be treated as alimony. There is nothing in the record to support this contention. Ordinarily when one procures a divorce and no provision is made for alimony the litigation on that question is ended. (*McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546.) Then, the defendant's evidence is that this property was turned over to plaintiff for the support of the children, and plaintiff's evidence is that she used all of it for that purpose.

The judgment is modified by reducing it from $1,800 to $212.50, and as so modified is affirmed.