No. 28,624.

GEORGE KAILER, *Appellee,* v. DAVID KAILER, *Appellant.*

(276 Pac. 49.)

Opinion filed April 6, 1929.

*Ross McCormick,* of Wichita, for the appellant.

*Charles B. Hudson, Clyde M. Hudson* and *Thomas Harley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for breach of an express contract of a father relating to the rearing of his children by his brother. Plaintiff recovered, and defendant appeals.

The circumstances out of which the litigation arose are stated in the opinion in the case of *In re Kailer,* 123 Kan. 229, 255 Pac. 41. In that case George Kailer and his wife Margaret resisted the habeas

corpus proceedings brought by David Kailer to obtain custody of his children. George and Margaret contended they had received the children under contract with David that the children would be taken into their home, would be reared as their own, and David would not ask that they be returned to him. The contract was stated in the third finding of fact returned by the trial court, and appears in the opinion of this court in the habeas corpus case. Concerning the contract the trial court stated the following conclusion of law, which was approved by this court in the habeas corpus case:

" 'Not having surrendered his rights to the custody in the manner provided by law, the petitioner is not bound by his agreement with respondents that he would not ask for the children to be returned to him.' " (*In re* Kailer, supra, p. 230.)

Defeated in his effort to keep the children, George then sued on the contract stated in the finding of fact referred to, and alleged as breach that David repudiated the contract, demanded return of the children, and obtained custody of them by judgment of the court. At the trial of the present action counsel for plaintiff announced that he stood on an express contract, and did not rely on any implied contract. The court instructed the jury that if they found George made the contract and David breached it, George was entitled to recover damages for the breach. On the issue of express contract presented by the amended petition, and under the instructions submitting that issue to the jury, the jury found for plaintiff.

The court further instructed the jury as follows:

"If you find that a contract was made between George and David Kailer by which George Kailer was to take the children, nevertheless when David Kailer asked for their return to him, he then had the right to take his children, since he was their father, and since George Kailer had not adopted them."

The instruction was correct, and, as the case was presented, should have been followed by "and your verdict will be for defendant." The promise sued on was one which the law, because of a settled public policy, does not permit to become contractual, and the breach consisted in doing something which defendant had a right, under the law, to do. (*In re Kailer*, supra, and authorities cited in the opinion.) There can be no liability in damages for breach of contract when there is no contract and no wrongful breach of contract.

In his brief in this court George abandons the breach-of-contract theory of the action. He says:

"The question involved in this case is: Can the appellee, under the law, recover for services rendered by him in the support of these children, covering a period of some ten years? The general rule of law applicable to the case at bar is that it is the natural duty and obligation of the father to support his minor children, and the courts will enforce this obligation."

George did not plead any natural, common-law duty of the father to support the children, breach of that duty, and liability to plaintiff predicated on breach of that duty. That kind of an action would be one to enforce an implied contract (quasi contract) obligation, and George sued for and recovered damages for breach of an express contract. George's brief also contains the following:

"Where a child has resided with relatives who have voluntarily supported it, and demanded neither payment for its support, nor that the parent take it back, or provide for it elsewhere, such person cannot recover from the parent for past support of the child. . . . So in this case, if the appellee rendered this service voluntarily, being a brother of the appellant, he could not recover. If the service was not rendered voluntarily, then he can recover, and the judgment of the lower court should be sustained."

George cannot deny that he entered into the pleaded contract voluntarily, because he affirmed it and sued for its breach. What he did pursuant to the contract he did voluntarily, for the benefit and satisfaction to be derived from the rearing of the children as his own. His complaint to the court was that he suffered damages from a breach of the contract which consisted in depriving him of the privilege of continuing to rear the children. Whether he made advancements by way of maintenance of the children as a volunteer was a subject which did not get into the amended petition and upon which the court did not instruct the jury.

The express contract on which George sued did not include compensation. The contract did not effect a business arrangement for maintenance and education of the children, and by its very nature it excluded compensation. It was conceded that David would not consent to adoption of his children, but George was to take them into his own home and rear them as his own. David did have a money arrangement with Margaret. She testified in substance as follows:

"He also said he felt he was amply able to help us a little, and if there was anything I wanted—little things at the drug store—to get them and he would pay for them. I used to set down and keep account of some things, just the same as I kept account of the household expenses, and he paid them. Those things consisted of malted milk, medicine, bottles, and materials for

the first baby clothes. He helped pay the doctor bills. Jack was sick for two or three weeks, and Dorothy for almost three years."

David testified it was considerable trouble for Margaret to keep track of her expenditures and furnish monthly itemized statements. Her expenditures were from six to seven dollars a month, and after a time he agreed to pay her ten dollars a month, which he did as long as the children were with her. In his petition George gave credit on account for monthly payments of ten dollars each, amounting to $1,150. George contradicted his wife, who personally made the financial arrangement with David, and undoubtedly knew what it was. George testified as follows:

"THE COURT: What was this $10 paid for? George Kailer: It was never paid; it was gave.

"Who gave it? Why, Dave gave it.

"Who accepted it? We accepted it."

In any event, compensation for rearing the children was not an element of the contract sued on. In casting about for a measure of damages for breach of an express contract, void as against public policy, of no legal effect, and incapable of supporting a remedy, the court chose the rule applicable to breach of a valid contract to pay for maintenance and education but not specifying amount of compensation. (*Rockwood v. Stubenhofer*, 119 Kan. 307, 239 Pac. 993.) The instruction to the jury follows:

"When David Kailer asked George Kailer for the return of the children, the contract, if you find that a contract was made, was breached by David Kailer, and the plaintiff is entitled to recover damages. The amount of such damages will be the reasonable cost of maintaining and educating said children from the time when George Kailer took the children until David Kailer asked George Kailer for their return."

The court's theory evidently was this: George and Margaret took the children into their home and undertook to rear them as their own, relying on David's promise that he would not reclaim custody. Their custody was not wrongful, and they discharged the duties toward the children normally attaching to parenthood. David was thus relieved of the financial burden of discharging those duties, and because he resumed custody, he ought to pay something. One flaw in the instruction consisted in giving force to a promise which the law does not recognize as binding, and in calling lawful resumption of custody breach of contract entailing liability in damages. Another flaw consisted in permitting recovery based on reasonable

cost of maintenance. Conceding, but not deciding, that George might, in a proper proceeding, recover something for discharging the burden which he assumed when he made the arrangement with David, George and Margaret had the children as their own, and received all the benefit they expected to receive from the arrangement up to the time David resumed custody. Because the promise to leave the children with George and Margaret was one which the law does not tolerate, there could be no damages for disappointed hope, and the damages consist of what George had in fact reasonably and necessarily expended.

In the case of *Cheever v. Kelly*, 96 Kan. 269, 150 Pac. 529, a mother, made stranger to the father of her child by divorce, sued for expenditures for support of the child. In the opinion the court said:

"Expenditures of this character cannot be recovered in a simple action of debt, because the propriety of all such expenditures depends upon a variety of considerations. The action must in the nature of things be equitable in character. (*Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628.) But the fact that such expenditures must be reasonable and just under all the circumstances, to authorize recovery, does not permit recovery of what would be a reasonable sum if it had been advanced, but which was not advanced." (p. 270.)

In the opinion in the case of *Arthurs v. Radloff*, 117 Kan. 448, 232 Pac. 243, the court said:

"In suits of this character there should be a definite showing of the sums paid out by plaintiff and the reasonable necessity therefor . . ." (p. 450.)

An angry uncle is not entitled to more money than a distressed mother.

The present action was not prosecuted on the theory just discussed. The amended petition did not plead amount of expenditures, there was no proof of amount of expenditures, and the verdict was based on opinion evidence of what it is worth per week to maintain a child.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendant.