## JOHN HEMPHILL v. ETTIE HEMPHILL.

DIVORCE—*Vacation of Decree.* A party against whom a decree of divorce was rendered, without other service than by publication in a newspaper, can commence proceedings to have the same vacated, within six months after its rendition, and be let in to defend, upon complying with the provisions of § 77 of the civil code. (*Lewis v. Lewis,* 15 Kas. 181, cited, and distinguished.)

### *Error from Saline District Court.*

ACTION to vacate a decree of divorce.    The opinion states the material facts.    The defendant, *John Hemphill,* brings the case here.

*J. G. Mohler,* for plaintiff in error.

*Moore & Quinby,* for defendant in error.

Opinion by SIMPSON, C. : The district court of Saline county refused to vacate a decree of divorce, which it had rendered on the 15th day of February, 1886, in an action pending between these parties, notice to vacate having been served on the 28th day of May, following.   The motion enumerated several causes for the vacation of the decree, and among them were these: That the judgment was rendered without other service than by publication in a newspaper; that John Hemphill had no actual notice of the pendency of the action in time to appear in court and make his defense; that he had a good and valid defense to the action; and that he had filed a full answer to the petition.   He supported his motion to vacate, by an affidavit, alleging that in the fall of 1882, with the knowledge and by the consent of his wife, he went to Santa Fé, New Mexico, to take charge of a gang of laborers on a railroad as foreman, to enable him to earn money to support his family; that in July, 1883, his wife came to see him there; that in December, 1883, he went to Prescott, Arizona, seeking employment, and duly advised his wife of his change of location, and remained in correspondence with her until she ceased to write him; that he continued to write to her, but received no answers; that after she ceased to write, he sent her a package of goods by express from Prescott; that during all this time he frequently received copies of the two most widely circulated newspapers published at Salina, where his wife resided all this time; that a brother of his wife, living at Salina, was a regular correspondent with him all this time, and he believed that his wife knew the fact that her brother knew his post-office address; that he also corresponded with one Snead, of Salina, all this time, and that his wife could easily have ascertained his post-office address by inquiry in the town of these persons; that he did not know of the pendency of the divorce suit until the 18th of February, 1886, and he then left Arizona and came to Salina, and made this application.   The original papers in the divorce proceedings were used to show that the notice by publication of the pendency of the suit was pub-

lished in a newspaper that was printed and circulated in the town of Brookville, and not in one of the Salina papers, where his wife and family resided. This is enough to show the character of the support made to aid his application to vacate, and to be let in to defend. There was nothing offered on the other side; there was a demurrer to the affidavit and other matters supporting the application, and it was sustained. This ruling is alleged as error here. We think it is, and that the case ought to be reversed. The judgment in the divorce action comes within the operation of § 77 of the code, as being one rendered without other service than by publication in a newspaper. The plaintiff in the action filed her affidavit, in effect that she could not make, or cause to be made, any other service. It may be that she did not know his post-office address, or it may be that she did, but when she swore that she could not make any other service than that by publication in a newspaper, it ought to be the end of the inquiry as to whether any other service was made. It cannot be held that the act of making and filing the affidavit, that no other service could be had, was such an additional act, coupled with the publication in the newspaper, as to exclude the case from the operation of § 77. (*Cranch v. Cranch*, 30 Wis. 667; *Edson v. Edson*, 108 Mass. 590.)

In the *Lewis* case, 15 Kas. 181, it was held that mailing a copy of the petition with a copy of the publication notice attached thereto, combined with the notice published in the newspaper, were the requisites of the law, to make a good service in such an action; that these two things excluded the operation of § 77 in the case. This is the point decided in that case, and the only one necessary to pass upon, but the same question does not arise in this case; if it did, we should feel bound by that decision. It is also said in that case that § 77 does not apply to divorce cases; but since that time, § 647 of the code has been amended, (in 1881,) and its operation enlarged, and now the provisions of the code upon the subject of the vacation of judgments are made applicable to divorce actions, if commenced within six months after the rendition of such judg-

ments.    The amended section gives the right, but does not prescribe the manner in which it shall be exercised, but that must be sought and found in the other provisions regulating such proceedings.    Section 77 is one of them, and applies in all divorce cases, where judgments have been rendered on no other service than by notice published in a newspaper.    It is said that this section allows three years within which a judgment can be opened, and hence can have no application to a divorce case.    This is a mistake; the duty of the court is to reconcile them, and give them both force.    The construction we adopt does this, and there appears to be no escape from it. The amendment of 1881 expressly provides that judgments in divorce cases may be vacated within six months from the date of their rendition, but does not prescribe the manner. It must be held that the other provisions of the code prescribing causes, and providing methods of vacation, are applicable, or else the right to open such judgments would be subject to the discretion of every court in the state in which they are rendered.    There was such a showing made by the evidence as entitled the party to have the judgment opened, and to be let in to defend.    He filed an answer showing a meritorious defense; he offered to pay all the costs; he went very far on the way of a demonstration that his post-office address was known, or could easily have been ascertained.    The publication in the Brookville paper, instead of in one at Salina, the place of residence of the family, unexplained, is a suspicious circumstance. All these things, added to his legal right under the statutes as we now construe them, to have the judgment vacated, (*Albright v. Warkentin*, 31 Kas. 442,) compel us to recommend that the ruling of the district court of Saline county be reversed, and the cause remanded with instructions to sustain the motion to open up the judgment and allow a defense to be made, on the payment of all costs that have accrued.

By the Court: It is so ordered.

All the Justices concurring.