CAROLINE C. ENSIGN V. DANIEL ENSIGN.

DIVORCE—*Affidavit—Residence of Defendant.* The affidavit required to be made and filed by plaintiff in a divorce proceeding, under § 640 of the civil code, stating that the residence of the defendant is unknown and cannot be ascertained by any means within the control of plaintiff, forms no part of the constructive service, but is only intended as evidence tending to show that due service has been made; and such affidavit need not be made and filed within three days after the first publication notice is made. (*Larimer v. Knoyle,* 43 Kas. 338.)

*Error from. Johnson District Court.*

THE opinion states the case.

*A. Smith Devenney,* for plaintiff in error.
*John T. Little,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On August 16, 1886, Daniel Ensign instituted an action in the district court of Johnson county against Caroline C. Ensign, his wife, to obtain a divorce, the custody of their child, and to have certain property decreed to him. For the purpose of making service by publication, and on the same day that the petition was filed, Daniel Ensign filed his affidavit, setting forth that service of summons could not be had upon the defendant within the county of Johnson or the state of Kansas. He then proceeded to make service by publication in a newspaper, and by the terms of the notice, which was duly published, the defendant was required to answer the petition on October 5, 1886. No copy of the petition nor of the publication notice was sent to the defendant at her place of residence within three days after the first publication of the notice was made. No attempt was made to take a decree at the January term, 1887, of the district court, but on January 24, the plaintiff below filed another affidavit, in which he stated that at the commencement of the action he had no knowledge of the post-office address of his wife or of her whereabouts,

and had no knowledge of her post-office address or residence within three days after the first publication of notice, and that he could not ascertain her post-office address by any means within his control, and that for three months after the first publication was made he did not know and could not ascertain the post-office address of the defendant by any means within his control; and for these reasons he could not send a copy of the petition and notice to her. On February 17, 1887, he sent a copy of the petition and publication notice, addressed to her at Seattle, Washington territory; but the letter containing them was not called for at the Seattle office, and was returned to the sender on March 5, 1887. At the May term, 1887, the cause was tried, and a decree of divorce granted — no appearance being made by or on behalf of the defendant. On May 14, 1888, Caroline C. Ensign appeared and moved the court to vacate the judgment and decree, on the ground that it had been rendered without jurisdiction of the person of the defendant. It was contended that, as the plaintiff had not inclosed in an envelope addressed to the defendant a copy of the petition and of the publication notice within three days after the first publication was made, no jurisdiction could be acquired, unless an affidavit had been made and filed within three days after the first publication was made that her residence was unknown to him and could not be ascertained by any means within his control. The court denied the motion, and this ruling is assigned for error.

No error was committed. It is true, as contended, that the sending of a copy of the petition and of the publication notice, addressed to the defendant at her place of residence within three days after the first publication was made, is a part of the service where the residence is known, (*Lewis v. Lewis*, 15 Kas. 181;) but such copies cannot be mailed to the defendant where her place of residence is unknown; and the making and filing of an affidavit that such residence is unknown and cannot be ascertained by any means within the control of the plaintiff, is no part of the service, and it is not essential that it shall be made and filed within three days after the first pub-

lication is made. This affidavit simply furnishes proof to the court that the requirements of the statute have been complied with so far as possible, and it must be made and filed before a judgment of divorce can be granted. This question was directly determined in the recent case of *Larimer v. Knoyle,* 43 Kas. 338, and the conclusion there reached sustains the decision of the district court in this case.

Following the ruling in that case, we will affirm the judgment in this.

All the Justices concurring.