GEORGE KENDALL V. LIZZIE A. KENDALL.
No. 317.

1. JURISDICTION — *over minor children in divorce proceedings is continuing.* The jurisdiction of district courts over the guardianship, custody, support and education of minor children in divorce cases is a continuing jurisdiction.

2. ——— *district court has, to modify or change former decree affecting minors in divorce proceedings.* The district court granting a divorce may, on proper motion and notice, modify or change any order originally made, providing for the custody, support and education of the minor children, whenever circumstances render such change proper.

3. DECREE — *modification of, should commence to operate at date of modification.* When an original order in a divorce case is modified, and certain monthly payments required for the support and education of the minor children, such payments should commence at the date of the modification and not from the date of the original decree.

Error from Harper District Court. Hon. G. W. McKay, Judge. Opinion filed May 14, 1897. *Modified.*

*Anderson & Henderson,* and *John W. Shartell,* for plaintiff in error.

*Beardsley & Gregory,* for defendant in error.

SCHOONOVER, J. On the seventeenth day of June, 1893, Lizzie A. Kendall obtained judgment for divorce against George Kendall in the District Court of Harper County. She was also given certain real estate and two thousand dollars in money as her alimony. The care, custody and education of Rachel Pearl Kendall and George William Kendall, minor children, were confided to her exclusively. No further provision for the minor children was made.

On the second day of June, 1894, Lizzie A. Kendall, the plaintiff below, filed her motion in the District Court of Harper County, to modify and change the

decree rendered on the seventeenth day of June, 1893. Notice of the hearing of said motion was duly served. By consent of the parties the hearing of said motion was set for August 20, 1894. The defendant appeared and filed his motion to dismiss the motion of plaintiff to modify the decree, and to strike said motion from the files.

The court sustained the motion so far as it related to modifying and altering the decree as to permanent alimony; and overruled it so far as it attacked plaintiff's motion for an order modifying and changing the decree as to the support, education and provision for the minor children. The further hearing was continued until the October term, 1894, when the case was heard by the court on the motion of plaintiff to modify and change the decree and order in so far as said decree and order made provision for the care, custody, support and education of the minor children of the plaintiff and defendant. All parties were present and the court made the following order.

" The court after hearing the testimony, finds that said minor children, Rachel Pearl Kendall and George William Kendall, have no income or means of support of their own, that the plaintiff herein is without income or means to support them and educate them, and that the present circumstances of the plaintiff herein and the said children are such that the order and decree of the seventeenth day of June should be modified. It is therefore considered and ordered that said defendant, George Kendall, pay to the said plaintiff, Lizzie A. Kendall, in trust and for the support of the said minor children, the sum of fifteen dollars per month for each of the said minors until each of them reaches the age of twenty-one, and that said payments date from the date of the decree and order heretofore made herein on the seventeenth day of June, 1893; that the payments now due and

44—5 KAN. APP.

690 KENDALL v. KENDALL.

S. Dept.          Opinion. Schoonover, J.          5 Kan. App.

amounting to five hundred dollars at this date, be paid within fifteen days from this date; that the aforesaid sums of fifteen dollars per month hereafter to be paid to plaintiff for each of the said minors, be paid to said plaintiff quarterly, to wit, ninety dollars on the eighth day of February, ninety dollars on the eighth day of May, ninety dollars on the eighth day of August and ninety dollars on the eighth day of November, and that in default of payment of the aforesaid sum of five hundred dollars in fifteen days, let execution issue, and it is further ordered that defendant pay the costs of this proceeding and that execution issue therefor.''

Plaintiff in error complains of this order, and of the ruling of the court in not sustaining his motion to dismiss the motion of defendant in error to modify the former order of the court.   The district court in which a decree for divorce has been granted may modify or change its former order relating to the guardianship, custody, support and education of the minor children whenever circumstances render such change proper. Section 645 of the Code, paragraph 4755, General Statutes of 1889, provides:

'' When a divorce is granted, the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper.''

This section gives the court granting a divorce, a continuing jurisdiction over the guardianship, custody, support and education of the minor children of parties to divorce proceedings, which may be invoked whenever circumstances render a change of a former order proper.

There is some force in the argument of plaintiff in error that the proper procedure is by petition and summons and not by motion and notice.   In this case,

KENDALL v. KENDALL. 691

May 14, 1897.    Opinion.   Schoonover, J.    C. Div.

however, the plaintiff in error was fully informed by the motion and notice of the order applied for. The motion was filed in the original cause, in the same court, the same judge presiding. The plaintiff in error had full opportunity to prepare his defense ; he was not misled. The cause was tried on its merits. The original decree was not modified or changed, except as to the support of the minor children. The court committed no prejudicial error in permitting the application to be made by motion.

We think the court erred in directing that the payment of thirty dollars per month should commence at the date of the original decree. The court has power to modify or change any order making provision for the guardianship, custody, support and education of minor children in divorce cases, only when circumstances render such change proper.

In the original order the court provided for the custody of the minor children. If further provision was then necessary it should have been made at that time. If circumstances now justify a modification of the original order, and the defendant below is required to pay thirty dollars per month to the plaintiff below *in trust* for the support of the minor children, we think its payment should commence at the date of the modification of the order by the District Court, and not from the date of the original decree.

This case will be remanded with instructions to modify the judgment in accordance with the views expressed in this opinion.