No. 19,641.

CORA CHAPMAN CHEEVER, *Appellee,* v. EUGENE A. KELLY, *Appellant.*

SYLLABUS BY THE COURT.

1. ALIMONY—*Action for Unpaid Installments—Fraud in Procuring Divorce No Defense to the Action.* It is no defense to an action for overdue and unpaid installments of alimony awarded by a decree granting the plaintiff a divorce and alimony that the decree was procured by the plaintiff's fraud upon the court in presenting false grounds for divorce and sustaining them by false testimony, in which fraud the defendant acquiesced because of false representations made to him by the plaintiff respecting the state of her health.

2. SAME—*Procedure for Collecting Alimony—Lien.* When installments of alimony awarded by a decree of divorce and alimony become due and are not paid they may be collected by suit, judgment, and execution, although the decree provided it should not be a lien on the defendant's property.

3. DIVORCE—*Support of Minor Child by Mother—Amount of Her Recovery from Child's Father.* In an action by a mother to recover expenditures for the support of a minor child, made necessary because of the father's neglect of parental duty, none but sums actually paid and reasonably necessary for the purpose can be recovered.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed July 10, 1915. Affirmed in part and reversed in part.

*Lee Bond,* and *G. F. Dohrn,* both of Leavenworth, for the appellant.

*A. E. Dempsey,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for overdue and unpaid installments of alimony awarded the plaintiff by a decree of divorce. A second cause of action was joined for expenditures

for the support of a minor child of the parties. The plaintiff recovered, and the defendant appeals.

The defense to the alimony feature of the case was that the decree of divorce and alimony was procured by the plaintiff's fraud upon the court, in which the defendant acquiesced because of certain false representations made to him by the plaintiff respecting the state of her health. A demurrer was properly sustained to this defense because the fraud consisted in sustaining fictitious grounds for divorce by false testimony, the very matters which the court, with full jurisdiction of the parties and of the subject matter, had under consideration. (*Bleakley v. Barclay*, 75 Kan. 462, 470, 89 Pac. 906; *Plaster Co. v. Blue Rapids Township*, 81 Kan. 730, 106 Pac. 1079; *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546; *Miller v. Miller*, 89 Kan. 151, 156, 130 Pac. 681.)

The original decree provided that it should not be a lien on the defendant's property. The judgment in the present action awarded execution. It is said this changed the terms of the original decree. Such is not the case. The award of alimony is not increased or given greater efficiency. When installments became due and were not paid they became collectible by suit, judgment and execution in the ordinary way.

The plaintiff was allowed fifty dollars per month for the period of seven months as a reasonable sum for the maintenance of the minor child while with her mother. There was no allegation or proof of actual expenditures to that amount.

The plaintiff can recover nothing but her outlay made necessary by the defendant's neglect of parental duty. Expenditures of this character can not be recovered in a simple action of debt because the propriety of all such expenditures depends upon a variety of considerations. The action must in the nature of things be equitable in character. (*Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628.) But the fact that such expenditures must be reasonable and just under all the circumstances, to authorize recovery, does not permit recovery of what would be a reasonable sum if it had been advanced, but which was not advanced.

Doubtless because the second cause of action was tried on a wrong theory, some errors were committed in the introduction and exclusion of evidence and in restricting the right of cross-examination.

The judgment on the first cause of action is affirmed. The judgment on the second cause of action is reversed, and the cause is remanded for further proceedings.