No. 19,782.

LUCINDA ELIZABETH ROWELL, *Appellant*, V. ASA B. ROWELL,
*Appellee.*

### SYLLABUS BY THE COURT.

1. DIVORCE—*Education and Maintenance of Minor Children—Duty of Parents.* The duty and responsibility of parents for the maintenance and education of minor children are not altered by the rendition of a decree of divorce in which no provision is made for the children, and the obligation of the father therefor is not canceled by the fact that the divorce was granted to him because of the fault of the mother.

2. SAME—*Children Maintained by Mother—May Recover Her Expenditures from the Father.* In such case and where the father neglects to provide for the maintenance and care of the minor children and leaves that burden entirely to the mother she is entitled to recover from him a reasonable amount for the expenditures she has made in providing for their care and support.

3. SAME—*Proper Action by Mother for Relief.* While an independent action may be maintained by the mother for such relief, the more appropriate and complete remedy is by opening the decree of divorce wherein an allowance may be made for past as well as future support of the children.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed January 8, 1916. Reversed.

*W. F. Schoch,* and *J. K. Rankin,* both of Topeka, for the appellant.

*H. McCaslin,* of Osborne, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Lucinda Elizabeth Rowell, who is the divorced wife of Asa B. Rowell, brought this action against him to recover for the maintenance of their two minor children, Lloyd G. Rowell and Merritt L. Rowell, from September 1, 1907, the date of separation, until March 1, 1914, during which time she had the sole care of the children. She also asked for the future maintenance of the minors in the sum of $2040.41. They were married in 1875 and lived together until 1907, and of the six children born unto them three were minors at the time of the separation, but the oldest of the three was near majority and for his maintenance no recovery was asked.

In a proceeding to obtain alimony brought by Mrs. Rowell in 1907 a division of the property was made, based upon a stipulation of the parties under which she obtained property worth about $8500 which was given in lieu of all claims for alimony to her, while he was awarded real estate which was appraised at $20,800. No provision was made for the maintenance of the children, but it was decreed that each of the minors might decide for himself the parent with whom he would live. In 1908 Rowell obtained a divorce from his wife on the ground of cruelty and neglect of duty, but in that decree no mention was made of the children nor any provision made for their education or maintenance. On March 20, 1914, Mrs. Rowell brought an action against her former husband to recover for the money already expended by her for the education and maintenance of the two minor children and also for their future maintenance. Being in doubt as to the procedure to obtain this relief, she also moved the court to reopen the divorce action and to have the court make provision for the children in that action. The court refused to open the judgment of divorce and also denied her any award for the money already expended by her for the support and education of the children in the new action, but an award was made for the future maintenance of the children to the extent of $27 a month until July 30, 1910, when Lloyd would reach majority, and $18 a month thereafter until July 11, 1919, when Merritt will become of age. Mrs. Rowell appeals from the order refusing a recovery for the maintenance and education of the minor children prior to the judgment. She contends that, the decree of divorce being silent as to the maintenance and education of the minor children, the father of the children is liable for the money necessarily expended by her in their care and support the same as he would have been had the children been maintained by a stranger. On his part he contends that as the divorce was granted to him because of her fault, and as the children chose to reside with her, he is not liable to her to any extent. It appears from the decree that the custody and maintenance of the minor children were not adjudicated in the divorce proceedings. The award of alimony previously

made to her was not intended or treated as a provision for the education and support of the children.

The duty and responsibility of the parents were not altered by the award of alimony or the decree of divorce, and the parental relation and duty of the father to make a reasonable provision for the maintenance of the minor children continued after the granting of the divorce the same as before. This has been held to be the rule even where the custody of the children has been specifically given to the mother and no provision made in the decree for their maintenance. (*Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628.)   Some reliance is placed by defendant upon *Harris v. Harris,* 5 Kan. 46, but the opinion in the Riggs case clearly demonstrates that the decision actually made in the Harris case is in keeping with the holding in the Riggs case and not inconsistent with the ruling herein.   Some other cases were referred to as expressing a contrary view, but the opinion in the Riggs case makes it plain that none of the decisions was out of line with the Riggs' decision, although some of the comments made in these cases were disapproved. The trend of the authorities on the question, which are not without conflict, may be found in a number of annotations. (2 L. R. A., n. s., 851; 8 L. R. A., n. s., 1270; 38 L. R. A., n. s., 508; 7 Ann. Cas. 903; 12 Ann. Cas. 138; 14 Ann. Cas. 255.)   The fact that the divorce was not contested and that she permitted a decree to be entered in his favor on the ground of her fault does not exonerate him from the duty and responsibility of providing for his children.   Unless changed by a decree of court the parents are under equal obligation to support and care for their children.   The obligation of the appellee, as we have seen, has not been altered or affected by any stipulation or judicial decree.   The plaintiff might by agreement or some adjustment as to maintenance have deprived herself of the right to recover from defendant for the moneys expended for that purpose, as was done in *Miller v. Morrison,* 43 Kan. 446, 23 Pac. 612; but it appears that no agreement or adjustment in respect to maintenance was made between the parties herein and the custody of the children was not awarded to either parent.   Although the decree separated the father and mother and made them in a sense strangers

Rowell v. Rowell.

to each other, it did not change the parental relation of the father to the children nor absolve him from his obligation to care for them. In a number of cases it is said that he could not rid himself of the obligation to care for his children by his own misconduct, but neither can he be relieved from his natural and legal obligation to them or to society because of some misconduct of their mother. While the divorce was granted to him on the grounds of her cruelty towards him it appears that he recognized her to be a suitable person to have the care and education of the children and was willing that they should reside with her. No effort was ever made by him to obtain their custody, nor has he ever contributed anything toward their support. Emmett, the oldest of the three children who have been living with her since the separation, contributed the principal part of his wages to his mother, but the father has not aided in their care and support to any extent. His disagreement with their mother and separation from her did not change his relation or his duty to his offspring. They were not parties to the divorce proceedings and are not to be deprived of their right to the support and protection of their father because the decree of divorce in which the children are not even mentioned was granted to him instead of to their mother.

The trial court adjudged that defendant was liable to plaintiff for the future support of the minor children but denied her any recovery for what she had already expended for their maintenance and education. No reason is seen why plaintiff should not recover a reasonable amount for the expenditures made by her for the care and support of the children before the trial herein was had. It was argued by defendant that the proof of expenditures made for that purpose was not sufficient to warrant any recovery. Her son Emmett, who is twenty-five years old and who has charge of her business, testified that she had paid all expenses of maintaining and educating the two minor children since the separation in 1907. He also stated that the rent of the properties owned by the mother was not sufficient to meet these expenses and hence she had been compelled to sell a part of her property so that what remains now is not worth to exceed $3500. He also testified that he has made a computation from bills paid and other data on

Rowell v. Rowell.

hand of the amount paid by his mother for the care and support of the children and found that she had expended about $1852.50 for the education and maintenance of Merritt and about $2060 for the education and maintenance of Lloyd. In his testimony he stated that he had earned his own living since he became of age, and besides, had advanced some money to his mother to enable her to provide for the minors. Her testimony corroborates him as to all matters as to which she had knowledge, and while some of the testimony is not as definite as to the amounts expended for the children as it might be, it certainly is sufficient to warrant a substantial recovery.

The appropriate method for obtaining the relief asked by the plaintiff is through the opening of the judgment of divorce. (*Harris v. Harris*, 5 Kan. 46.) In that case it was said that when a decree is so opened "the court can take into consideration all the facts and circumstances surrounding the parties, and do such full justice as the case requires, having reference to advances already made." (p. 53.) In such a proceeding the court can award relief not only for the expenditures already made but may make suitable provision for their maintenance in the future. No reason is seen why the plaintiff might not maintain an independent action against the defendant for the recovery of the money already expended, but obviously the remedy is not as appropriate or complete as that which can be obtained by opening the decree of divorce. The court which renders the decree has a continuing jurisdiction in respect to the children and may at any time, upon application and sufficient notice, modify the decree by making provision for the children that was overlooked in the first instance or such as may be required by the altered conditions or circumstances. (*In re Petitt*, 84 Kan. 637, 114 Pac. 1071.)

The judgment in the two cases brought up for review will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.