No. 21,033.

CORA T. COOPER, *Appellee*, v. JOHN G. COOPER, *Appellant*.

SYLLABUS BY THE COURT.

HUSBAND AND WIFE—*Decree for Wife's Separate Maintenance—Allowance Excessive.* An allowance of separate maintenance to a wife who is living apart from her husband is held to be excessive and unwarranted under an antenuptial agreement adjudged to be valid and binding upon the parties.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 7, 1917. Reversed.

*A. E. Crane, R. F. Hayden,* and *R. S. Heizer,* all of Topeka, for the appellant.

*J. S. Ensminger,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Cora T. Cooper brought this action for separate maintenance against her husband, John G. Cooper, and recovered judgment decreeing that the defendant pay to her the sum of $2500 within sixty days for her separate main-

tenance and support, and also payments of fifteen dollars per month during the existence of the marriage relation. Judgment was rendered July 21, 1916, and on July 25 defendant filed a motion for a new trial, which was denied, and he appeals.

Prior to their marriage the plaintiff and the defendant entered into an antenuptial agreement which, among other things, provided that in the event plaintiff should outlive the defendant she should have as her separate property a half interest in two city lots, and she expressly waived all claim to any interest in his other property. There were also provisions as to support and maintenance while she should live with him as his wife. In a divorce proceeding in 1911 between these parties, wherein neither was awarded a decree, the antenuptial contract in question was passed upon by the court, who found it to be valid, fairly entered into and binding upon the parties.

It is contended that the judgment awarding to the plaintiff the lump sum of $2500 is an unjust allowance and a direct violation of the antenuptial agreement which the district court has held to be valid and binding. As no motion for a new trial was made in due time, it follows that only questions apparent on the face of the record are open for consideration.

The antenuptial contract provided that the defendant should provide plaintiff with a comfortable home and maintenance in keeping with his pecuniary circumstances so long as she should live with him as his wife, and she in turn was to perform the duties ordinarily incumbent upon a wife. At his death, as we have seen, she was to have certain specific property and was not to claim or have any other property rights or benefits. In the earlier litigation between these parties it was shown that they lived together for a little over a year, during which time a child was born to them, and shortly afterwards there were disagreements followed by separation. The court held that the parties were in equal wrong, and that the conduct complained of by each against the other did not constitute either gross neglect of duty or extreme cruelty, and hence a divorce was refused. The provisions of the marriage contract were examined and adjudged to be valid, property was placed in the hands of a trustee for the care of their child, the husband

was required to pay the fee of his wife's attorney, and jurisdiction was reserved by the court to require the husband to contribute to his wife's support in case they should not be able to live together. That judgment was rendered in 1911, five years before the commencement of this action; and while the defendant has furnished plaintiff a comfortable house in which to live, it appears that he has not furnished her suitable support during this period. Ordinarily a wife is entitled to reasonable support so long as the marriage status continues. Under the marriage contract plaintiff is not entitled to support if she neglects to perform her wifely duties or refuses to live with the defendant as his wife. Although she is not living with him, it must be assumed in this case as the record stands that the separation is due to the fault of the defendant. Of course he can not escape responsibility for her support if her failure to live with him and perform the conditions of the contract was caused by his wrong. On the other hand, if the failure to live with him is the result of her wrong she would not, under the terms of the contract, be entitled to support. In providing for support allowances should be made in the form of periodical payments so that they may be varied as conditions may change. Allowances for support which should have been but were not furnished by defendant may be made in gross, but they can not be allowed except on proof of actual expenditures that were reasonably necessary and appropriate for the maintenance of the plaintiff. (*Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529.) Periodical allowances for the future were made by the trial court; that is, that defendant should pay her fifteen dollars per month in addition to the home furnished, which must be deemed to be a reasonable provision. The award of the gross sum of $2500 for the five years that intervened between the rendition of the first judgment and the one in which this allowance was made is excessive and wholly inconsistent with the allowance made for the future. She was awarded at the rate of $180 a year for the future but was given $500 per year for the time that is past. That award is deemed to be unwarranted under the antenuptial contract and under any view of the case, and it is therefore determined

Schenck v. School District.

as a matter of law that error was committed in awarding her a judgment in the lump sum of $2500.

The award for future maintenance is affirmed, but the judgment allowing plaintiff $2500 is reversed and the cause remanded for further proceedings.