No. 32,904

HELEN M. WARE, *Appellant,* v. JOSEPH F. WARE, *Appellee.*

(58 P. 2d 49)

Opinion filed June 6, 1936.

*Thomas F. Wells* and *John L. Kirkpatrick,* both of Olathe, for the appellant.

*Chauncey B. Little,* of Olathe, *M. J. Henderson, T. E. Deacy* and *Ben W. Swofford,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an independent action by one who had

recently obtained by publication service, in the district court of the same county, a decree of divorce from her husband, the defendant in both actions, obtaining personal service on him in this action seeking therein to compel him to contribute to the support and education of their two minor children, no order having been made along that line in the divorce action.

Because of the provisions of R. S. 60-1510 authorizing the trial court in a divorce action to make provision for the support and education of minor children of the marriage and to modify or change any such order whenever circumstances render such change proper, the defendant contended in the district court and contends here that such provision could only be made in the divorce action and not in an independent action in the same county, and he filed a general demurrer to plaintiff's petition. It was sustained by the trial court and plaintiff appealed from that ruling. No claim is made in the petition for expenses already incurred in the support of the children.

Many decisions from this and other states are cited by defendant in support of the ruling of the trial court, but counsel for defendant, after ably presenting them and arguing therefrom, frankly admit that "A thorough search of the Kansas cases has failed to disclose any case directly in point on this matter." Without enumerating the many cases cited, it can be said of most of them that personal service had been obtained on the husband and father, which was absolutely necessary in order to render a personal judgment against him, and the court having jurisdiction of the person of the father, all that was necessary was to serve a notice of a hearing and file a motion. One of the cases cited was where the husband was the plaintiff in the divorce action; in another he consented to the date of hearing (*Kendall v. Kendall*, 5 Kan. App. 688, 48 Pac. 940), and in still another (*Kaestner v. Kaestner et al.*, 228 Mo. App. 1043, 58 S. W. 2d 494), the husband, after the divorce had been granted, voluntarily entered his appearance and raised a question as to the custody of a child. Some isolated language in these opinions may lean toward the contention of the defendant, but when all the facts are considered they do not require these matters as to the support and education of the children to be determined in the original divorce action, when the court in the divorce action does not have jurisdiction of the person of the father so as to render a personal judgment against him.

The case of *Rowell v. Rowell*, 97 Kan. 16, 154 Pac. 243, is one of the strongest cases cited, and yet it is not conclusive as to the per-

sonal jurisdiction of the husband. The husband in that case had obtained the decree of divorce from his wife. She later brought an independent action against him for past and future support and maintenance of the minor children, and at the same time moved the court to reopen the divorce action for substantially the same purpose. It was there said:

"The appropriate method of obtaining the relief asked by the plaintiff is through the opening of the judgment of divorce. (*Harris v. Harris,* 5 Kan. 46.) In that case it was said that when a decree is so opened 'the court can take into consideration all the facts and circumstances surrounding the parties, and do such full justice as the case requires, having reference to advances already made.' (p. 53.) In such a proceeding the court can award relief not only for the expenditures already made, but may make suitable provision for their maintenance in the future. No reason is seen why the plaintiff might not maintain an independent action against the defendant for the recovery of the money already expended, but obviously the remedy is not as appropriate or complete as that which can be obtained by opening the decree of divorce." (p. 20.)

Appellant cites the case of *Rodgers v. Rodgers,* 56 Kan. 483, 43 Pac. 779, which recognizes the right to bring an independent action where the divorce had been obtained in another state. It was there held that—

". . . though such decree was effectual as to the *status* of the parties, it was not a bar to the allowance of alimony in the homestead, nor as to the custody of the children, in a subsequent action brought by the wife here."

Strictly speaking, the claim and demand of this independent petition is not a modification or change of any order in respect to the support and education of the minor children, as made in the divorce action, as no such order was made therein. A modification can only follow the fact of something having been done, or the case was in such condition that something could have been done.

It is argued in support of the ruling upon the demurrer to the petition that the trial court in the divorce action having obtained jurisdiction of the subject matter by publication service would retain such jurisdiction, and with proper notice and motion could have proceeded to determine what personal judgment, if any, should be rendered against the husband. The code as to divorces and support of minor children does not specify the nature and character of such notice for modification, and when we turn to the statute defining summons (R. S. 60-2501) we find only certain purposes are covered thereby, which are that the petition will be taken as true, and judg-

ment will be rendered accordingly if he fails to answer. It is difficult to class under these specifications a modification of an order not made in a divorce action where a divorce is granted. Again, how much of the prayer of the divorce petition would a real personal service of summons open up for further consideration? It is said in 50 C. J. 465:

"Where plaintiff has, by publication, matured his cause of action and obtained the best service possible under the circumstances, he may, on a subsequent change of circumstances making it possible to obtain better service, have a personal summons issued, unless judgment has been rendered and entered."

Even if everything desired herein could be done and cared for in the original case, we have not been persuaded that the plaintiff would be prohibited by statute or otherwise from pursuing another course. In order to sustain the ruling herein made on the demurrer to the petition we must be convinced that there is but one way to proceed and that is necessarily in and through the original divorce action. The most that has been said along that line seems to have been where the court had personal jurisdiction of the husband, and then it was held to be the proper way to proceed.

We conclude that the wife is not limited to the divorce action to recover for the future support and education of the minor children where personal service had not been obtained on the husband therein.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the petition.