No. 35,356

FLORENCE TEEGARDEN, *Appellant,* v. JOHN PRICE TEEGARDEN et al., *Appellees.*

(124 P. 2d 464)

196

Opinion filed April 11, 1942.

*David F. Carson, Douglas Sharp* and *David W. Carson*, all of Kansas City, were on the briefs for appellant.

*Lee Vaughan, Jr.,* of Kansas City, argued the cause, and *Blake A. Williamson* and *James K. Cubbison,* both of Kansas City, were on the briefs for appellees.

The opinion of the court was delivered by·

THIELE, J.: The question presented in this appeal is whether the, trial court, under the facts as hereafter set forth, had power to modify a decree of divorce so as to allow child support for a period prior to the filing of an application for such modification.

On August 1, 1934, in a divorce action in which defendant was personally served with summons, the trial court granted plaintiff a divorce and awarded her permanent alimony, and the care, custody and control of their minor child, the defendant being given the right to see and have the child at such times and for such periods as plaintiff and defendant might agree. The decree contained no provision for the support of the child.

On April 16, 1940, the plaintiff filed her application referring to the divorce decree and making a copy a part of her application, stating that plaintiff had been given the care, custody and control of the minor child; that no provision was made for its support by the defendant; that plaintiff had expended for that purpose the sum of sixty dollars per month from August 1, 1934, to the filing of the application; that soon after the decree and ever since defendant had been employed and in 1939 had inherited valuable property, and that he was liable to her for the support of the minor since the divorce, in the sum of $4,020. Allegations to warrant issuance of a restraining order need not be noted. The prayer of the application was that the decree be modified and that defendant be required to pay plaintiff the sum of $4,020 for the support of the child and that she have judgment for that amount. There was no prayer for future support.

·At the conclusion of the evidence, which need not be detailed, the trial court concluded it was without jurisdiction to make any allowance for the support of the child prior to the date of· the application on April 16, 1940. It did, however, make an allowance of thirty dollars per month for the future support of the child, and of that the defendant does not complain. The plaintiff has appealed from that

portion of the judgment refusing modification of the decree to permit her to recover for the period of August 1, 1934, to April 16, 1940, and her specifications of error cover her contentions with respect thereto.

It is settled by decisions hereafter mentioned, as well as others which might be cited, that whatever may be the result of a divorce suit as settling marital rights, the parental duty to support the minor children remains unless terminated by decree of court. Limits of space prevent setting forth a review of our many decisions dealing with various phases of the problem. Our problem deals solely with the right of the wife having custody of the child to compel her divorced husband to contribute to its support. We are not now concerned with the child's right as against its parent.

In cases where the divorce was obtained on publication service and no opportunity was afforded the plaintiff to take a personal judgment against the defendant for child support, it has been held the wife may maintain an independent action to recover. (*Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628; *Ware v. Ware,* 144 Kan. 121, 58 P. 2d 49; Cf. *Rodgers v. Rodgers,* 56 Kan. 483, 43 Pac. 779.) In cases where the divorce was rendered upon personal service within this state, it has been held the proper procedure is to file an application in the original action, as is disclosed in *Harris v. Harris,* 5 Kan. 46; *Rowell v. Rowell,* 97 Kan. 16, 154 Pac. 243; and in some of the cases cited herein. That practice was followed in the present case.

The statute warranting the relief sought is G. S. 1935, 60-1510, which reads:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper."

In its comments when rendering judgment, the trial court made statements inferring that plaintiff, under the facts disclosed, was not entitled to recover anything for past support, but it based its decision upon the ground it was without jurisdiction to modify the divorce decree and to make an allowance for support prior to the filing of the application for modification, apparently relying upon *Hampton v. Allee,* 56 Kan. 461, 43 Pac. 779. In that case it was held:

"An action brought by a divorced wife against her former husband to re-

cover compensation for the support of their minor children, which bases the right of recovery on the judgment rendered in the divorce case, cannot be maintained where the judgment imposes no liability on the husband for such support." (Syl.)

It is to be observed that ruling was made notwithstanding the plaintiff therein had previously obtained a divorce in another county in Kansas, based on publication service.

We refer briefly to *Miller v. Morrison,* 43 Kan. 446, 23 Pac. 612. In that action the wife was given custody of one child, the husband, of another, and the husband was given a divorce. No provision was made for child support, but the wife was allowed $300 alimony. After $200 had been paid the father took the child given to the mother under agreement he should be relieved from paying the $100. The question was whether this last agreement was effective, and need not be discussed further. But in discussing parental duty, the court said:

"We suppose that it will be admitted that the obligation or duty of the plaintiff Miller, to see that his son Harry should be properly supported and cared for, was not completely annulled by the decree rendered in the divorce case; but certainly by such decree his obligation to that effect was made only secondary, and that of his divorced wife Keturah, was made primary; . . ." (l. c. 449.)

Appellant places weight on *Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628, in which a review of some of our decisions is made. While certain language used in *Hampton v. Allee,* supra, and *Miller v. Morrison,* supra, is disapproved, the decisions are approved, and in discussing certain language of the Miller case from which the above quotation is taken, it was said:

"The case was well decided on these grounds." (l. c. 599.)

In the Riggs case, however, it must not be overlooked that there a divorce had been granted in another state on publication service, and although custody of the children was given to the mother, no order respecting their support could be made.

In *Rowell v. Rowell,* 97 Kan. 16, 154 Pac. 243, it appears the wife had at one time brought an action to obtain alimony and under a stipulation made there was a division of property. No provision was made for the support of the children, but it was decreed each child might decide for himself the parent with whom he would live. Later the husband obtained a divorce from the wife, the decree making no mention of the children and no provision for their support. The wife

then brought a separate action to recover for child support. She also moved the court to open the divorce decree and to have provision made. With respect to the latter phase this court said that while an independent action might be maintained the more appropriate remedy was by opening the decree. The trial court refused to open the decree in the divorce suit and also denied any award for past support, but did make an award for future support. On appeal this court noted the fact that custody and maintenance of the children were not adjudicated in the divorce proceedings and held that the duty and responsibility of the parents were not altered by the award of alimony or the decree of divorce, and the parental duty of the father to make a reasonable provision for maintenance of his minor children continued. It is then stated this had been held to be the rule even where the custody of the children had been given to the mother and no provision made in the decree for their maintenance, this statement being supported by *Riggs v. Riggs,* supra, which as has been noted, was a case where the divorce was obtained on publication service.

A situation substantially the same as in the case at bar was considered in *Kendall v. Kendall,* 5 Kan. App. 688, 48 Pac. 940. There the trial court granted the wife a divorce, permanent alimony and the custody of three minor children, no further provision for the children being made. About a year thereafter she filed her application to have the decree modified to provide for child support, and the trial court made an order effective from the date of the divorce decree. On appeal by the divorced husband, the court of appeals reversed, holding that the district court might on proper notice modify any order made in the divorce suit for the support of the minor children, when circumstances rendered such change proper, but the modification should commence at the date of the modification and not from the date of the original decree. The decision in this case has never been criticized or overruled.

It would seem to follow from the various decisions reviewed that if the divorce were granted in an action where service was had upon the defendant by publication summons, the wife could maintain an independent action against her divorced husband and recover in full for moneys necessarily expended by her in support of their minor child; that if the divorce was obtained upon personal service and the decree made no provision for custody and support of the minor children an application could be made in the original action and

appropriate order made covering past as well as future support; and that if the divorce was obtained on personal service, and custody of the minor children was awarded the wife but no provision for support was made, she could make her application in that action for child support, but that it would apply only to future support. In a divorce action where personal service has been had, and the wife asks for and receives custody of a minor child, but makes no request for any allowance for its support, it seems only logical and proper to say that until there is a change in her circumstances or in the circumstances of her divorced spouse, there is no basis for an allowance, and if there is change of circumstances the attention of the court should be timely directed thereto. Any other conclusion would permit the wife, who could at any time apply for an order, to speculate as to her divorced husband's future earnings and acquisitions of property. Although the facts in the case were not similar to those now before us, the law applicable was well stated in *Davis v. Davis,* 145 Kan. 282, 65 P. 2d 562, where it was held:

"A district court has power to modify or change any previous order with respect to payments for the support, maintenance and education of the minor children of a marriage whenever circumstances render such change proper. The new order, however, cannot increase or decrease amounts past due. It must be made effective from the date of modification and not from the date of the original decree or from the time of changed circumstances. In other words, the modification must operate prospectively and not retroactively." (Syl. ¶ 1.)

To the same general effect, see *Wilkinson v. Wilkinson,* 147 Kan. 485 (syl. ¶ 2), 77 P. 2d 946; and *Sharp v. Sharp,* 154 Kan. 175 (syl. ¶ 2), 117 P. 2d 561.

The judgment of the trial court was correct, and it is affirmed.

Hoch, J., not participating.