No. 38,419

HOWARD L. EFFLAND, *Appellee*, v. FRANCES EFFLAND, *Appellant*.

(237 P. 2d 880)

Opinion filed November 10, 1951.

*Marlin Brown*, of Council Grove, argued the cause, and *Constance L. Brown*, of Council Grove, and *Marvin E. Larson*, of Topeka, were with him on the briefs for the appellant.

*Walter E. Hembrow*, of Council Grove, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: On May 17, 1947, Howard L. Effland, a resident of Morris county, filed a petition for divorce on the ground of gross neglect of duty and extreme cruelty against his wife in which he alleged that she is a resident of Kansas and that her last known postoffice address was 2931 South 18th Street, Omaha, Nebraska. He alleged the date of their marriage, that they have one child, Bruce Howard Effland, then six months of age, who was residing with the mother, and that the parties have not jointly accumulated any property during their marriage. The prayer was for a divorce and "that the court determine and fix an equitable sum which he should pay to defendant monthly for the support, maintenance and education of said minor child. . . ."

The case came on for trial July 30, 1947. The defendant made no appearance. The court found that she had been duly summoned as provided by law by publication service, which was approved. She was adjudged to be in default. The court heard the evidence and granted plaintiff a divorce. Nothing was said in the decree about the custody of the child, nor did the court pay any attention to plaintiff's prayer that a sum be fixed for plaintiff to pay defendant monthly for the support, maintenance and education of the child.

On October 2, 1950, the defendant filed in the same action a petition in which she alleged the filing of the petition for divorce by plaintiff, including the prayer that the court fix a sum which he should pay defendant for the support, maintenance and education of the child; that the decree of divorce was rendered on July 30, 1947, in which no mention was made of the child; that at all times since the petition for divorce was filed the child was residing with defendant and in her custody; that since the decree of custody was entered plaintiff voluntarily contributed $875 by irregular contributions for the care and maintenance of the child, but that the sum had been insufficient and that defendant has been compelled in addition to spend the sum of $1,638 for the past care and maintenance of the child, as per an itemized statement attached, which expenses were necessary and reasonable; that plaintiff has not been relieved of the duty of providing for the child; that he is a strong, able-bodied man, thirty years of age, capable of and is receiving sufficient earnings to properly care for the child; in fact is earning approximately $4,000 a year; that defendant has been ill and hard pressed financially to maintain the child, has been forced to seek employment to provide for herself and the child, is earning $125 per month; that plaintiff owes defendant the sum of $1,638 for the past maintenance of the child, for which sum she prayed judgment, and also prayed that the court make an order granting defendant the custody of the child and allowing her a reasonable sum for the future maintenance of the child. This petition was verified.

Plaintiff filed a motion to quash and dismiss the petition for the reasons, (1) that the proceeding was improperly brought and originates a new item in the case over which the court has no jurisdiction; (2) that it is not based on any principle of law; (3) it violates all established rules of pleading, and (4) that it does not state facts sufficient to constitute a cause of action.

In passing on the motion the court filed a written memorandum in which the court stated facts from the original petition and the one filed by defendant indicating the child was with defendant in Nebraska at the time of the divorce and since, and pointing out that she was asking to recover expenses for the maintenance of the child since the granting of the divorce; that the child was beyond the jurisdiction of the court at the time of the decree and since, and concluded that the court never had jurisdiction over the child, and concluded: "there cannot be any jurisdiction now, as there was nothing to continue." The court further pointed out that defendant's petition had not been filed within three years after the divorce, as provided by G. S. 1949, 60-2530. The court expressed no opinion as to whether the defendant could maintain a separate action for the purposes involved and only held that she had no right to proceed in this action. The appeal is from that order.

We think the trial court erred in its reason and conclusions. Our laws register solicitude for the care, support and education of the minor children of the parents. G. S. 1949, 60-1510 reads:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper." (See the many cases cited thereunder and *Brown v. Brown*, 171 Kan. 249, 253, 232 P. 2d 603.)

Here the custody of the child was not in controversy. The child was with the mother. Apparently plaintiff realized she was the proper person to have custody of the child notwithstanding her dereliction which caused the husband to want a divorce. He realized that she needed financial assistance for the support, maintenance and education of the child and asked the court to determine and fix the sum he should pay monthly for those purposes. We see no reason why his request was not given appropriate attention. It is now explained that the court did not have jurisdiction of the person of the child or of the mother. Is this a sufficient reason for ignoring his request? We shall not decide that question since there was no appeal from the divorce decree. We mention it only as it bears upon the appeal now before us. We only observe that the court had jurisdiction of the person of the plaintiff, and since he asked for such an order he would have been in no position to complain if the court had made the order requested. Since it would have been beneficial to the defendant presumably she would not have objected unless she regarded inadequate the sums re-

quired to be paid, in which event she could have applied to the court for an increase in the amount much as she is applying now for an allowance. The allowance of the order requested by plaintiff would not have been out of harmony with the statute above quoted.

But whatever may be said about the court not having authority to make an order for the support and education of the child at the time the decree of divorce was granted, for the reason it did not have jurisdiction of the person of the defendant, such impediment no longer exists. By making the application now being considered defendant submitted herself to the jurisdiction of the court just as plaintiff did when he filed his petition for divorce. So, when the court made the ruling from which this appeal was taken it had full jurisdiction of the person of both of the parties.

The court in stating its reasons for quashing and dismissing defendant's petition to open up the divorce decree and making an allowance for the past and future support of the child stated:

"This judgment having been rendered by default was subject to be opened up at any time within three years of its date, as provided by section 60-2530 G. S. 1935 (1949), but in the instant case that time has long since expired."

In *Lewis v. Lewis*, 15 Kan. 181, 192, the identical statute was held inapplicable to a divorce case for the reason that our statute pertaining to summons by publication in divorce cases (now G. S. 1949, 60-1504) required plaintiff to send a copy of the publication notice and of the petition to the defendant by mail, hence defendant could not make the showing required by G. S. 1949, 60-2530, that she had no notice of the case in time to defend. Also that section required defendant to file a complete answer.

The Lewis case was cited approvingly in *Hemphill v. Hemphill*, 38 Kan. 220, 222, 16 Pac. 457; *Larimer v. Knoyle*, 43 Kan. 338, 348, 23 Pac. 487; *Ensign v. Ensign*, 45 Kan. 612, 613, 26 Pac. 7; *Roe v. Roe*, 52 Kan. 724, 727, 728, 35 Pac. 808; *Wesner v. O'Brien*, 56 Kan. 724, 729, 44 Pac. 1090; *In re Smith*, 74 Kan. 452, 453, 454, 87 Pac. 189; *McCormick v. McCormick*, 82 Kan. 31, 45, 47, 107 Pac. 546; Also in *Strode v. Strode*, 6 Ida. 67, 52 Pac. 163; *Medina v. Medina*, 22 Colo. 146, 43 Pac. 1002; *Graham v. Graham*, 54 Wash. 70, 102 Pac. 891; *Matheson v. McCormac*, 186 S. C. 93, 195 S. E. 122, 127; *Rodgers v. Nichols, et al.*, 15 Okla., 579, 83 Pac. 925; *J. W. Cordray v. Salia M. Cordray*, 19 Okla. 36, 91 Pac. 781, 783; and *Young v. Campbell* (Okla.), 16 P. 2d 65, 74, 75.

The case is criticized in *Blair v. Blair*, 96 Kan. 757, 763, 153 Pac.

544. There the husband had procured a divorce by publication, and many years later and after the death of the husband, the wife, the named defendant in the divorce case, brought an action to set aside the decree of divorce upon the ground that it was void because of the fraud of the husband in filing an affidavit that he did not know her address when in fact he did, and the further fraud of not sending to her a copy of the publication notice and of the petition for divorce.

In this case the defendant is not attempting to set aside the decree of divorce. Perhaps she is as well satisfied with that as the plaintiff is. All she is trying to do is to have the decree extended so as to include an allowance for the maintenance of the child. Certainly she should not have to comply with G. S. 1949, 60-2530, and file a complete answer to the petition. In short, we think that section of the statute has no application here. It is clear from the record that at the time of the divorce decree the court failed to include a provision for the support of the child for the reason that the court thought it did not have jurisdiction to do so inasmuch as the defendant and the child were not within the state. While that reason is at least debatable it seems clear the court did not consider the plaintiff's request in that respect and deny it on its merits.

More than that, both under the common law and under our statute and decisions the plaintiff has been under parental duty to provide for the support and education of his minor child ever since the date of the divorce decree. He is not relieved of that duty because of the defendant's delay in asking the court for an order requiring him to do so. Notwithstanding the inaction of the court on his request, the plaintiff recognized his duty and made irregular contributions to defendant for the support of the child. Defendant gives him credit for that and alleges they aggregated $875, an average of about $21 per month for the time from the decree of divorce until her filing of the petition. She alleges this was inadequate and that she had been compelled to pay additional sums amounting to $1,638 for the past care and maintenance of the child, for which she attached an itemized statement. She further alleged that she has been ill, is hard pressed financially to maintain their son, and has been forced to seek employment, at which she earns $125 per month, and that plaintiff is a strong young man, capable of and receiving earnings sufficient to provide for the child; that he has a farm stocked and equipped, from the operations of which

he receives approximately $4,000 per year. On the record before us these allegations are not controverted and are treated as admitted.

In this decision from which this appeal was taken the court declined to express a view "as to defendant's right to maintain an independent action for the purposes involved here. It is only held she has no right to proceed in this action." Counsel for appellee here contend that her remedy, if any, was by a separate action. In *Harris v. Harris,* 5 Kan. 46, it was held:

"The husband and wife were divorced by the district court of Leavenworth county upon her application, and the custody of the three minor children were awarded to her. Two days after the decree a fourth child was born. In an action of debt brought against the father for the entire support and education of all the children by the mother: *Held* that she could not recover in such action.

"That the only way for relief was by opening the decree as to the children, and making such provision for them as might be just under all the circumstances, or by other proper proceedings under or supplemental to the original decree."

This opinion was explained and followed in *Riggs v. Riggs,* 91 Kan. 593, 595 to 598, 138 Pac. 628, and this explanation and ruling was quoted and followed in *State v. Miller,* 111 Kan. 231, 233 and 234, 206 Pac. 744, in both of which opinions earlier cases were cited. In *Miles v. Miles,* 65 Kan. 676, 70 Pac. 631, the parties were divorced on the wife's petition. She was awarded the "custody, keeping and maintenance" of the three minor children. Two years after the decree was entered the "wife filed her motion in the same case asking that the decree theretofore granted be modified, and that the defendant be required to pay to the plaintiff, toward the support, education and maintenance of the three minor children, during their minority, such sums as to the court might seem just and equitable." Upon the hearing the husband objected to the introduction of evidence and raised the question of the jurisdiction of the court to hear it for the reason that the matter had been fully adjudicated and for the further reason that if the prior judgment was to be opened it must be done by petition and not by motion in the original case. Those objections were denied and it was held:

"Under the provisions of section 645 of the code of civil procedure (Gen. Stat. 1901, § 5138, now G. S. 1949, 60-1510), the court retains the right at any time, upon its own motion, or the suggestion of any one interested, to make such reasonable order as may be necessary on either or both of the parties to a divorce action to provide for the guardianship, custody, support and education of their minor children, and such orders may from time to time be

changed. Such right exists independently of the provisions of section 568 of the code (Gen. Stat. 1901, § 5054)." (This statute provided that a judgment shall not be vacated until it is adjudged there is a valid defense to the action.)

In the opinion (page 678) it was said:

"While the prayer of the motion was that the judgment be modified, we find from the entire motion that the object thereof was only to have provision made for the support, maintenance and education of the minor children. This was not a modification of the original judgment."

The same may be said here.

In *Greenwood v. Greenwood,* 85 Kan. 303, 116 Pac. 828, the pertinent portion of the syllabus reads:

"Twelve years after the rendition of the original decree in an action for divorce the minor children of the plaintiff and the defendant filed a motion seeking a modification of the decree so as to provide for their custody and education. *Held,* following *Miles v. Miles,* 65 Kan. 676, that the court had jurisdiction to entertain the motion and to make such orders as were necessary to protect the interests of the children. . . ."

In *Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628, the husband deserted his wife and five minor children in Colorado, where they lived, and came to Kansas. The wife sued for divorce in Colorado and obtained service by publication on the defendant in Kansas. She obtained a decree of divorce which contained no provision relating to the support of the children. Later the wife came to Kansas and filed a suit against the husband to compel him to contribute to the support of the children by reimbursing her for expenditures she had made for that purpose after the decree of divorce. It was held the petition was not demurrable and that on proof of the facts alleged the plaintiff was entitled to an equitable award in her favor. In the opinion the court examined a number of our earlier decisions.

In *Rogers v. Rogers,* 93 Kan. 114, 143 Pac. 410, the husband abandoned his wife and four minor children in this state and went to Montana. Four years later she brought an action for divorce against him and obtained a decree on publication service. Later she filed an action against the husband for moneys expended by her in the support of the children after his abandonment and before the divorce. The syllabus reads:

"A man who abandons his wife and four small children, leaving them destitute in her care, remaining absent in another state and contributing nothing to their support although able to do so, is liable to respond to an action brought by her after she has obtained a divorce to recover her expenses in supporting the children after the abandonment and before the divorce."

In the opinion, at page 117, it was said:

"In one respect this case differs from the Riggs case. Here the action is to recover for the expense of furnishing support after the abandonment and before the divorce. There it was for such expenses incurred after the divorce. This difference, however, adds to, rather than detracts from, the justice of the plaintiff's claim. . . . Applying that rule it was held in the Riggs case that an independent action might be brought in a jurisdiction where the defendant could be summoned in which the same considerations would apply and relief could be obtained. If this were a question of the support of the children after the divorce, the parties being in the jurisdiction of the court granting the divorce, the question might arise whether a motion to open the decree would not be the more appropriate remedy. This, however, is a mere matter of the form of procedure. The parties are the same and they are in the same court, and in the absence of any showing or suggestion of any complications which could better be determined in the former action, no reason appears why relief should not be given in this action."

In *Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529, plaintiff filed an action for overdue and unpaid installments of alimony awarded her by a decree of divorce and in which a second cause of action was joined for expenditures for the support of the minor child of the parties. Plaintiff recovered and on appeal the court held the action might be maintained, but as to the money alleged to be due for the support of the child the court held:

"In an action by a mother to recover expenditures for the support of a minor child, made necessary because of the father's neglect of parental duty, none but sums actually paid and reasonably necessary for the purpose can be recovered."

Respecting that it was said in the opinion (page 270):

"Expenditures of this character cannot be recovered in a simple action of debt because the propriety of all such expenditures depends upon a variety of considerations. The action must in the nature of things be equitable in character. (*Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628.) But the fact that such expenditures must be reasonable and just under all the circumstances, to authorize recovery, does not permit recovery of what would be a reasonable sum if it had been advanced but which was not advanced."

In *Rowell v. Rowell,* 97 Kan. 16, 154 Pac. 243, the syllabi read:

"The duty and responsibility of parents for the maintenance and education of minor children are not altered by the rendition of a decree of divorce in which no provision is made for the children, and the obligation of the father therefor is not canceled by the fact that the divorce was granted to him because of the fault of the mother.

"In such case and where the father neglects to provide for the maintenance and care of the minor children and leaves that burden entirely to the mother she is entitled to recover from him a reasonable amount for the expenditures she has made in providing for their care and support.

"While an independent action may be maintained by the mother for such relief, the more appropriate and complete remedy is by opening the decree of divorce wherein an allowance may be made for past as well as future support of the children."

In *Miller v. Miller*, 97 Kan. 704, 156 Pac. 695, the appeal was a controversy over the amount of alimony. In the opinion (page 706) the court had occasion to say:

"No provision has been made for the maintenance of the children of the plaintiff and the defendant. That matter may yet be adjusted as circumstances may justify. (*Riggs v. Riggs*, 91 Kan. 593, 138 Pac. 628; *Cheever v. Kelly*, 96 Kan. 269, 150 Pac. 529; *Rowell v. Rowell, ante*, p. 16, 154 Pac. 243.)"

In *Arthurs v. Radloff*, 117 Kan. 448, 232 Pac. 243, it was held:

"A wife was granted a divorce and the custody of the children. No provision was made in the decree for alimony nor for the support of the children. Later she sued her former husband for money she had paid out for the support of the children. *Held,* that the husband should be given credit for payments made since the separation to the wife for the support of their children."

In *Ware v. Ware*, 144 Kan. 121, 58 P. 2d 49, the syllabus reads:

"Where the mother of minor children seeks to compel their father to contribute to their future support and education, and obtains personal service on him in an independent action in the same county in which she had previously obtained a divorce from him, based on publication service only, she is not restricted to the supplemental proceedings in the divorce action specified in R. S. 60-1510, but may maintain such an independent action against him for such purpose."

The wife had procured a divorce from the husband on publication service and obtained a decree in which it made no mention about the support of the children. Later she brought an independent action for an order requiring him to contribute to the support of the children. A demurrer was sustained to the petition and plaintiff appealed. The judgment of the trial court was reversed. In the opinion the court cited *Rowell v. Rowell,* supra, and other cases, and after considering them, had the following to say (page 124):

"Even if everything desired herein could be done and cared for in the original case, we have not been persuaded that the plaintiff would be prohibited by statute or otherwise from pursuing another course."

In *Teegarden v. Teegarden*, 155 Kan. 195, 124 P. 2d 464, the wife secured a divorce from her husband on personal service and was granted permanent alimony and the custody of a minor child, but the decree made no order for the child's support. More than five

years later the wife filed an original action for modification of the decree and for an allowance for the child's support. It was held:

"Wherein an action in a district court in this state in which personal service of summons is had upon the husband, the wife is granted a divorce, permanent alimony and custody of a minor child, but no order for its support is made, and where some years thereafter the wife files in the original action an application for a modification of the decree, based on change of circumstances, for an allowance for child support, the court has power to make a modifying order, but that order must be made effective from the date of the modification and not from the date of the original decree or from the time of the changed circumstances—the order must operate prospectively and not retrospectively."

In the opinion the court cites and comments upon a number of cases, including *Riggs v. Riggs,* supra, and *Rowell v. Rowell,* supra, and points out that in those cases the divorce had been obtained upon publication service, but following *Kendall v. Kendall,* 5 Kan. App. 688, 48 Pac. 940, in which, like the case then before the court, the divorce had been granted upon personal service of the defendant, and concluded that while the action could be maintained the order making an allowance must operate prospectively and not retrospectively.

While excerpts from other cases might be given we think what we have set out is ample to establish the following principles: (1) That the parents have a continuing duty to support their minor children, and this is particularly true of the father if he is the money earner or has the property in his name. (2) That the court which grants a divorce has a continuing jurisdiction and duty to make such orders as may be necessary to require such parents to provide for their minor children and to modify them from time to time as the circumstances require. (3) That the court has exercised this authority by an application in the original divorce action or by a separate action brought for that purpose. In at least two of the cases above cited the language of the court indicates that that difference is simply a matter of practice for which there has been no specific statute enacted. (4) When the application is made in the original divorce suit to modify the decree, if the modification requested requires the setting aside of the divorce decree, or any part of the decree which made a division of property, it must be within the time and in harmony with the statute for opening up judgments. (5) And that when the divorce decree made no order for the support, maintenance and education of the minor children the application need not be brought within the time and in the manner required for opening up judgments and decrees. It may

be brought at any time during the minority of the children. This is because of the continuing duty of the parents to support the minor children and of the continuing jurisdiction of the court to make appropriate orders for that purpose.

Counsel for appellee in his brief argues: *First*, that since our statute (G. S. 1949, 60-1510) requires the court when granting a decree of divorce to make provision for the "custody, support and education of the minor children of the marriage," that the two things go hand in hand, that is, that the court must do both or neither, and that the court can make no order for the maintenance of the minor children unless it also makes an order for the custody of the children. We regard that contention as being without substantial merit. *Second*, that because in the Teegarden case, *supra*, the court held that the order made should act prospectively and not retrospectively no order could be made in this case pertaining to the support of the children after the divorce and before the application was filed. Even if that were true it did not justify the trial court in quashing and dismissing appellant's petition. We think the holding in the Teegarden case resulted from the factual situation then being considered, for the cases cited clearly disclose that under some circumstances the court may reimburse the mother for expenses for the maintenance of the child previous to filing the application or suit therefor. *Third*, that *Rowell v. Rowell*, supra, is not applicable for the reason that the parties—plaintiff, defendant and children—were all Kansas residents. We think the point is not well taken for the reason that when the defendant filed her application in this case she submitted herself to the jurisdiction of the court, and the court then had jurisdiction over the plaintiff and defendant to the same extent as though she had come into the case before the decree of divorce was entered.

The result is that the judgment of the trial court must be reversed with directions to set aside the order quashing and dismissing defendant's petition and to hear the petition on its merits.

It is so ordered.

THIELE, PARKER and WERTZ, JJ., are of the opinion the trial court has no power to render any judgment which will operate retrospectively.